[No. 3,069.]

## CONNECTICUT LIFE INSURANCE COMPANY v. THOMAS J. McCORMICK AND ANN C. McCORMICK.

ACKNOWLEDGMENT OF MORTGAGE BY WIFE.—If the wife acknowledges a mortgage on her separate property, to secure a debt owed by her husband, and is induced to do so by a promise of her husband's attorney that he will see the debt paid, neither this promise, nor the failure to perform it, will invalidate the acknowledgment.

WIFE'S MORTGAGE GIVEN UNDER COMPULSION OF HUSBAND.—If the wife executes a mortgage under the compulsion or undue influence of her husband, she cannot avoid the mortgage because of this compulsion or undue influence, when the mortgagee has no notice of it, unless, at the time of the acknowledgment of the mortgage, she also acted under the fear, compulsion, or undue influence of her husband.

ANSWER WHEN WIFE SEEKS TO AVOID HER MORTGAGE.—If the wife seeks to avoid her mortgage on the ground of the same having been executed or acknowledged under the compulsion or undue influence of her husband, she must allege such to be the fact in her answer. An allegation that she did not acknowledge it freely and voluntarily is not sufficient.

AVOIDING MORTGAGE GIVEN BY WIFE.—The execution and acknowledgment by the wife of a mortgage, under compulsion and undue influence of the husband, do not render the mortgage void, but only voidable; and if the mortgage is given to secure an antecedent debt, and the mortgagee has no notice of such compulsion and undue influence, the mortgage cannot be avoided on that ground.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

The plaintiff appealed from the judgment in favor of the wife and from an order denying a new trial  The appeal was taken and the case argued before Mr. Justice BELCHER came on to the Bench.

The other facts are stated in the opinion.

*Belcher & Belcher*, for Appellant.

To be void a married woman's acknowledgment must have been procured by fraud, duress, overpowering intimidation, or such circumstances of oppression as take away her free agency. (*Hartley* v. *Frosh*, 6 Texas, 208; *Central Bank of Frederick* v. *Copeland*, 18 Md. .317; *Merriam.* v. *Harsen*, 2 Barb. Ch., 269; *Eckhert* v. *Flowery*, 43 Pa. St., 46.)

*J. C. Goods* and *J. McReardon*, for Respondent.

By the Court, RHODES, J.:

Action to foreclose a mortgage. The mortgaged premises are the separate property of Mrs. McCormick, the wife of Thomas J. McCormick. Mrs. McCormick alleges in her answer that her husband, while the agent of the plaintiff, feloniously converted to his own use between four and five hundred dollars of the money of the plaintiff; that the plaintiff caused him to be arrested and imprisoned on the charge of embezzling said money; that, while he was under arrest, the notes and mortgage in suit were executed and delivered; that the only consideration therefor was the release of her husband from arrest and his discharge from further prosecution; that, while under arrest, her husband begged her to sign the mortgage, " representing to her that it was the only thing that would save him from the State Prison; that she thereupon signed the said mortgage, but at the same time persistently declared to M. C. Dufficy, the Notary Public, that she did not execute said mortgage freely and voluntarily, and avers that she never acknowledged to said ·Notary that she executed the same freely and voluntarily."

The Court ordered judgment to be entered for Mrs. McCormick, on the ground that she had not executed the mortgage freely and voluntarily.

The evidence shows that the mortgage was executed to secure the payment of the promissory notes of her husband; that the notes were given for the payment, one year after date, of the sums of money which he then owed the plaintiff; and that said notes and mortgage were not executed in consideration of his release or discharge from arrest or prosecution.

The evidence leaves no doubt that Mrs. McCormick duly acknowledged the execution of the mortgage. She at first declared that she had not executed it freely and voluntarily; but after conversing with her husband's attorney, she made the requisite acknowledgment. If her husband's attorney did, as she testifies, promise that he would see the mortgage paid, neither such promise, nor the failure to perform it, would impair the acknowledgment.

It is alleged in the answer, as already mentioned, that her husband caused or induced her to execute the mortgage, by the representation that if she would not sign it he would have to go to prison. Conceding that such representation was—as the Court below held—false, and that such representation amounted to compulsion or undue influence of the husband, still, if she duly acknowledged the execution of the mortgage, she cannot avoid it on the ground of compulsion or undue influence of her husband, unless at the time of the acknowledgment she also acted under the fear, compulsion, or undue influence of her husband. This is the rule where, as here, the mortgagee is without notice of the alleged compulsion or undue influence; but it is unnecessary to say whether the rule extends further. The acknowledgment may be procured by the compulsion or undue influence of the husband, and, indeed, the same compulsion or undue influence under which the mortgage was executed may extend also to its acknowledgment. But if that ground is relied upon, it must be alleged, where as here, the mortgagor seeks to show the invalidity of the mortgage. The

answer in this case does not attack the acknowledgment, as having been procured by the compulsion or undue influence of her husband; but it only alleges that she *did not acknowledge* that she executed the mortgage freely and voluntarily; and this averment, as we have already said, is not sustained by the evidence.

If, however, it be assumed that under that allegation it could be proven, that whatever compulsion or undue influence was exercised by her husband, was exerted as well to procure the acknowledgment as the signing of the mortgage, and that the false representation of her husband amounted to compulsion or undue influence, the question arises whether the defendant can, under the facts in this case, and as against the plaintiff, maintain the invalidity of the mortgage. Duress does not render a deed void, but only voidable. And the same rule obtains when it is sought to invalidate the deed of a married woman on the ground of compulsion, undue influence, etc., of her husband. The duress—the marital compulsion—may be established by evidence which would not be sufficient in other cases, but when established, it has only the same effect as in other cases— that is, it renders the deed or other instrument voidable. In that respect it stands on the same footing as a deed procured by fraud. In *Deputy* v. *Stapleford*, 19 Cal. 302, it was held that a deed which had been procured by duress could not be set aside as against a party purchasing in ignorance of the facts constituting the duress—that is to say, as against a purchaser for a valuable consideration, and without notice of the duress. It was held in *Frey* v. *Clifford*, 44 Cal. 335, that a party taking a mortgage to secure the payment of an antecedent debt, was a purchaser for a valuable consideration, and we are not disposed to question that doctrine. There is no evidence in this case to charge the plaintiff with notice of the alleged compulsion under which the

mortgage was executed; and we are, therefore, of the opinion that the mortgage was valid.

Judgment and order as to the female defendant reversed, and cause remanded for a new trial.

Mr. Justice Belcher, being disqualified, did not sit in this case.