[Crim. No. 2509. Second Appellate District, Division Two.—July 11, 1934.]

THE PEOPLE, Respondent, v. RICHARD MILLER, Appellant.

Richard Miller, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

ARCHBALD, J., *pro tem.*—From a judgment of conviction of robbery entered on the verdict of a jury and from the order denying his motion for a new trial defendant has appealed.

It is urged that the testimony of certain witnesses identifying defendant as the driver of a Chevrolet coupe used in connection with the robbery of a bank in Los Angeles, and in which the man who actually perpetrated the act escaped from the scene, is too vague, indefinite and uncertain to support the conviction, and is wholly unreliable and untrustworthy.

■ Most of the identification testimony impresses us, as we read the record, as unsatisfactory, but this comment does not apply to the testimony of Officer Young, who apparently was stationed in position where he had an excellent opportunity to observe the features of the driver of the

Chevrolet car. Although this officer was mistaken as to the date when, after the robbery, he first saw the defendant, the jury would in our opinion still be justified in accepting his identification of the latter as sufficient. The arguments made by appellant, who appears in this appeal *in propria persona*, against the substantiality of his identification as the driver were undoubtedly made by his counsel to the jurors, who were the sole judges of the credibility and reliability of the witnesses and who alone could determine the weight and effect to be given such portion of the testimony as does not appear to be inherently incredible. We do not overlook the fact that respondent in its brief has mistaken testimony relating to the man who actually robbed the bank cashier as testimony identifying appellant as the driver of the car.

Appellant asks us to consider an affidavit which controverts testimony given by a witness for the People, named Wassel, who testified to witnessing the robbery in company with the maker of the affidavit, a Mrs. Mayberry, stating also that the night before the robbery he saw Mrs. Mayberry with defendant and the man who entered the bank in a restaurant together, and overheard them planning the robbery, that Mrs. Mayberry telephoned him about it and they went out together to see ''a little action''. The meeting in the bank, telephone call and her presence there with Wassel were denied. Such affidavit was dated after the transcript on appeal was filed in this court and of course forms no part of the record on appeal and cannot be considered. Even if such testimony had been produced at the trial, it only affected the testimony of Wassel, whose credibility was more seriously affected by his manner on the stand and the fact that he was then in jail serving a sentence. There was sufficient evidence otherwise to support the judgment.

 It was entirely within the province of the jury to disbelieve the testimony of defense witness Blake, a brother of appellant and the active participant in the robbery, who said that appellant was not with him the day of the robbery, and of the witness Piper, who stated that he was the driver of the Chevrolet coupe. Both admitted facts showing that they had been convicted of felonies, and contradicted each other on important matters of fact.

■ Appellant urges error in the giving of certain instructions. We have examined them. All are stock instructions given in practically every criminal case. Many of them have been approved by appellate courts and others state mere commonplaces. No error was committed in giving them.

■ Appellant also complains of certain remarks made by the court throughout the trial, charging that they were flippant and tended to place the defendant in a bad light before the jury. We do not find that any of these comments reflected upon the character of appellant or prejudiced him in any way.

Judgment and order affirmed. ·

Stephens, P. J., and Desmond, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 20, 1934.