[Civ. No. 8504.   Third Dist.   Feb. 2, 1955.]

MARIA J. ERICKSON, Respondent, v. EDRIE MARY BOHNE et al., Appellants.

Stanley R. Sterne for Appellants.

S. K. McMullin for Respondent.

SCHOTTKY, J.—Plaintiff filed a complaint against Edrie Mary Bohne, also known as Edrie M. Bohne, James L. Meegan and Beatrice Meegan, his wife, and Patricia Rebecca Pierce. The first three defendants reside in Alameda County and defendant Pierce resides in Sonoma County where the action was filed.

The complaint contains two counts. In the first count plaintiff seeks to recover from defendants and appellants Bohne and Meegan a money judgment in the sum of $4,500 and alleges in substance as follows: That on May 26, 1950, she was the owner of real property in Sonoma County; that she was then physically and mentally ill and wholly incapable of transacting business; that defendant Bohne, plaintiff's daughter, and James Meegan, a friend of defendant Bohne, took advantage of her condition and their confidential relationship to her and fraudulently procured her execution and delivery of a deed conveying the property to Edrie M. Bohne; that at that time plaintiff did not know she was signing a deed to said real property and had no intention of signing such a deed; that she received no consideration for the conveyance; that Edrie Mary Bohne then conveyed the property to James L. Meegan, without consideration; that thereafter said defendant James L. Meegan and the defendant Beatrice Meegan, his wife, conveyed the property to defendant Patricia R. Pierce, receiving $4,500 in consideration therefor; that all three deeds were recorded, the first two being of record when Patricia Pierce bought the property; that upon learning of these matters plaintiff demanded that her daughter and the Meegans pay over to her the money they received from Pierce, which they refused to do. She prays judgment against them in that sum. The second count contains the same allegations as the first count, save that it omits all reference to plaintiff's demand that the Meegans and her daughter turn over to her the price received from Pierce. By her prayer to that count plaintiff demands that the three deeds be ordered delivered up, that

they be cancelled and adjudged to be void and that all defendants be compelled to reconvey the real property to plaintiff.

Defendants Bohne, James L. Meegan and Beatrice Meegan appeared and filed a demurrer to said complaint and also filed a motion for change of place of trial to Alameda County. Said motion was denied and said defendants have appealed from the order denying same. Defendant Patricia Rebecca Pierce has not appeared in the action nor did she join in the motion for change of place of trial. This court has heretofore granted a writ of supersedeas staying the proceedings in the superior court until the issues raised on the appeal are decided.

Appellants contend that the complaint does not state a cause of action against Patricia Rebecca Pierce, the only defendant who resides in Sonoma County, and that therefore the court erred in denying their motion. If appellants are correct in their contention that no cause of action was stated against Patricia Rebecca Pierce they were entitled to have the cause transferred to Alameda County.

It is clear that the first count alleges a transitory cause of action and states no cause of action against defendant Pierce. However, in the second count plaintiff demands that the three deeds be canceled and adjudged to be void and that all defendants be compelled to convey the real property to plaintiff.

Appellants argue that no cause of action is stated against defendant Pierce for the reason that it is not charged that she knew of the fraudulent procurement of the deed from plaintiff to her daughter which was of record when defendant Pierce bought, and that she is therefore presumed prima facie to be an innocent purchaser in good faith, who, having paid value for the property, cannot have her title voided by reason of the allegations concerning the way in which the other defendants obtained the execution of plaintiff's deed. Respondent in reply contends that the complaint does state a cause of action against defendant Pierce and contends that the deed purportedly executed by her was void *ab initio* and that title did not pass from her.

In 15 California Jurisprudence 2d, at pages 420-421, it is stated:

"A deed fraudulently executed or obtained by fraud is only voidable and subject to rescission, in most cases. Thus, where the grantor realizes that he is executing a deed but it differs only in detail from that which he intended, the deed is not

void. But where its execution is secured by misrepresentation as to its nature, or it is delivered under a representation that it is an instrument of an entirely different character, a deed is void and title remains in the purported grantor.''

In 12 California Jurisprudence, at pages 722-723, it is stated:

''. . . In dealing with the effect of fraud, the courts distinguish between those cases in which a purported instrument never had any legal inception or existence—due to the fact that one party was induced to execute an agreement totally different from that which he apparently made, or where, due to the fraud, there was no execution at all—and those cases in which the agreement was induced by fraudulent misrepresentations or concealments which in no degree make the instrument anything other than it purports to be. In the first case it is clear that the purported agreement is void ab initio and an action to avoid it may be brought at any time, or it may be treated as nonexistent; while in the second case the agreement is voidable and may be rescinded at the election of the party defrauded, but not at the behest of the party by whom the fraud was perpetrated.

''An illustration of a void transaction is afforded where one, at the time totally incapacitated from attending to business, is induced to sign a deed when, in fact, he believes, because of fraudulent misrepresentations, that he is merely signing a letter addressed to a third person.''

And in 26 Corpus Juris Secundum, at pages 307 and 308, it is stated:

''A void deed passes no title, and cannot be made the foundation of a good title even under the equitable doctrine of bona fide purchase. . . .

.  .  .  .  .  .  .  .  .  .  .

''Ordinarily a deed procured by fraud is not void but is merely voidable. Where the grantor knowingly executes the very instrument intended, but is induced to do so by some fraud in the treaty or by some fraudulent representation or pretense, his deed is merely voidable, although, where there is fraud in the factum, as where the grantor intends to execute one instrument but another is surreptitiously substituted in its place and the grantor is fraudulently made to sign, seal, and deliver an instrument different from that intended, it would seem that such fraud in the factum renders the deed not merely voidable but absolutely void, and, where without negli-

gence chargeable to the grantor there is no effective delivery because of fraud or other cause, the deed will be held void.''

Applying these well settled principles to the instant appeal we are convinced that the second cause of action does sufficiently state a cause of action against the defendant Pierce upon the theory that plaintiff's deed was void because it is alleged therein that she was wholly without understanding within the meaning of section 38 of the Civil Code. Under such circumstances there was no effective execution or delivery of the deed, and as stated in the quotation of 12 California Jurisprudence, *supra,* it was void *ab initio* and an action to avoid it could be brought at any time. And as stated in 26 Corpus Juris Secundum, *supra,* ''A void deed passes no title and cannot be made the foundation of a good title even under the equitable doctrine of bona fide purchase.''

In view of our conclusion that a good cause of action was stated against defendant Patricia Rebecca Pierce, who admittedly was a resident of Sonoma County, the trial court correctly ruled that the motion for change of venue should be denied.

The order is affirmed.

Van Dyke, P. J., and Peek, J., concurred.