[S. F. No. 19296.   In Bank.   Mar. 19, 1957.]

CARLO FIRATO et al., Appellants, v. L. B. TUTTLE et al., Defendants; HAROLD D. EDELEN et al., Respondents.

Bressani and Hansen and Gerald B. Hansen for Appellants.

Royal E. Handlos, Jones, Griswold & Henley and Bruce P. Griswold for Respondents.

SPENCE, J.—Plaintiffs sued to have a deed of trust, which named plaintiffs Carlo Firato and Salino Firato as beneficiaries, declared a first lien upon the real property described therein and to cancel a purported reconveyance executed by the original trustee. General and special demurrers of respondents to the first amended complaint were sustained with leave to amend. Plaintiffs appeal from the judgment entered in favor of respondents upon plaintiffs' failure to amend.

The following facts, appearing in plaintiffs' first amended complaint, are the basis for their alleged cause of action.

On June 20, 1947, plaintiffs Carlo Firato and Salino Firato loaned $8,500 to defendants Tuttle, receiving from the Tuttles a promissory note secured by a deed of trust on the real property here involved. One Gladys E. McCormick was named trustee on the deed of trust, which was recorded on the date it was executed. The trustee was authorized, by the deed of trust, to reconvey the trust property only if the loan it secured was paid in full.

On July 1, 1949, the Tuttles deeded the land to defendant Sardina, and the trustee, without authority, executed a reconveyance. The major portion of the loan had not been repaid, but plaintiffs concede that the reconveyance recited that payment had been made. The Tuttles' deed to Sardina and the reconveyance were recorded on July 1, 1949.

In 1950, Sardina conveyed the land to defendants Stanger,

who executed a deed of trust on the realty to defendant Edelen, as trustee, securing a loan of $8,800 from defendant Northwestern Mutual Life Insurance Company. In 1953, the Stangers conveyed the property to defendants Berry. On April 8, 1954, plaintiff Raymond Firato was substituted as trustee under the Firato deed of trust in place of McCormick.

While Gladys McCormick's peculations have resulted in other litigation (*Hagen* v. *Silva*, 139 Cal.App.2d 199 [293 P.2d 143]; *Cignetti* v. *American Trust Co.*, 139 Cal.App.2d 744 [294 P.2d 490]), the previous cases have not, as here, directly involved an attack upon the unauthorized reconveyance itself.

Plaintiffs nowhere allege that respondents were not innocent purchasers for value or that respondents took their title with notice or knowledge of the unauthorized act of the original trustee. ■■■ Since respondents are shown by the pleadings to hold legal title, the burden is on plaintiffs to plead and prove that respondents were not innocent purchasers for value if such fact would be determinative of the respective rights of the parties. (*Kowalsky* v. *Kimberlin*, 173 Cal. 506, 510 [160 P. 673]; *Ferguson* v. *Ferguson*, 58 Cal.App.2d 811, 814 [137 P.2d 735].)

Plaintiffs contend, however, that their deed of trust should be declared a first lien on the realty even if respondents were innocent purchasers for value. They cite section 870 of the Civil Code which states: "Where a trust in relation to real property is expressed in the instrument creating the estate every transfer or other act of the trustees, in contravention of the trust, is absolutely void." This section, enacted in 1872, is similar to an early New York statute. (1 R.S. 730, § 65.) In 1859 it was held by a divided court in *Briggs* v. *Davis*, 20 N.Y. 15 [75 Am.Dec. 363], that this statute made a wrongful reconveyance under a deed of trust absolutely void even as to an innocent purchaser. Since the reconveyance was "inoperative" according to the majority, the beneficiaries under the original trust had not lost their beneficial interests.

■■■ While the courts of this state have treated section 870 as applicable to deeds of trust in certain instances, innocent purchasers for value have not been deprived of their rights by these decisions. (*Mersfelder* v. *Spring*, 139 Cal. 593 [73 P. 452]; *Savings & L. Soc.* v. *Burnett*, 106 Cal. 514 [39 P. 922]; *Phelps* v. *American Mtg. Co.*, 40 Cal.App.2d 361 [104 P.2d 880]; *Hayward Lbr. & Inv. Co.* v. *Corbett*, 138

Cal.App. 644 [33 P.2d 41].) There is certain language in *Phelps* v. *American Mtg. Co.*, 6 Cal.2d 604 [59 P.2d 95], which appears to indicate that an innocent purchaser would not be protected; but in that case the parties were alleged to have taken with notice, and the court stated that "an examination of the recorded documents would provide notice of the true priorities." (P. 609.) It is therefore apparent that the question of the rights of innocent purchasers for value, without either actual or constructive notice, was not before the court.

Instruments which are wholly void cannot ordinarily provide the foundation for good title even in the hands of an innocent purchaser, as where a deed has been forged or has not been delivered. (*Trout* v. *Taylor*, 220 Cal. 652, 656 [32 P.2d 968].) It does not appear, however, that section 870 of the Civil Code should necessarily make the unauthorized reconveyance by a trustee void as to such a purchaser.

Section 2243 of that code states: "Everyone to whom property is transferred in violation of a trust, holds the same as an involuntary trustee under such trust, *unless he purchased it in good faith, and for a valuable consideration.*" (Emphasis added.) This section was also enacted in 1872 and has been treated as correlative to section 870. (*Chapman* v. *Hughes*, 134 Cal. 641, 657 [58 P. 298, 60 P. 974, 66 P. 982].)

The rule indicated by section 2243, which would protect innocent purchasers for value who take without any notice that the conveyance by the trustee was unauthorized, is in accord with the rule protecting such purchasers who acquire their interests from one who holds a general power and who makes a conveyance for an unauthorized purpose (see *Alcorn* v. *Buschke*, 133 Cal. 655 [66 P. 15], and cases cited) or from a trustee under a secret trust. (*Ricks* v. *Reed*, 19 Cal. 551; *Rafftery* v. *Kirkpatrick*, 29 Cal.App.2d 503, 508 [85 P.2d 147]; Civ. Code, § 869].) The protection of such purchasers is consistent "with the purpose of the registry laws, with the settled principles of equity, and with the convenient transaction of business." (*Williams* v. *Jackson*, 107 U.S. 478, 484 [2 S.Ct. 814, 27 L.Ed. 529].) It also finds support in the better reasoned cases from other jurisdictions which have dealt with similar problems upon general equitable principles and in the absence of statutory provisions. (*Simpson* v. *Stern*, 170 F.2d 765 [63 App.D.C. 161] (certiorari denied 292 U.S. 649 [54 S.Ct. 859, 78 L.Ed. 1499]) ; *Williams* v. *Jackson,* supra, 107 U.S. 478; *Town of Carbon Hill* v. *Marks*, 204 Ala.

622. [86 So. 903]; *Lennartz* v. *Quilty,* 191 Ill. 174 [60 N.E. 913, 85 Am.St.Rep. 260]; *Millick* v. *O'Malley,* 47 Idaho 106 [273 P. 947]; *Day* v. *Brenton,* 102 Iowa 482 [71 N.W. 538, 63 Am.St.Rep. 460]; *Willamette Collection & Credit Service* v. *Gray,* 157 Ore. 77, 79 [70 P.2d 39]; *Locke* v. *Andrasko,* 178 Wash. 145 [34 P.2d 444].) ·

As section 2243 of the Civil Code must be read with section 870 of the same code and because of the obvious desirability of protecting innocent purchasers for value who rely in good faith upon recorded instruments under the circumstances presented here, we conclude that plaintiffs were required to plead that respondents were not such innocent purchasers for value in order to state a cause of action against them. In the absence of such allegations, the trial court properly sustained respondents' demurrers to plaintiffs' first amended complaint.

The judgment is affirmed.

Gibson, C. J., Carter, J., Traynor, J., McComb, J., Van Dyke, J. pro tem.,* and Dooling, J. pro tem.,* concurred.

Appellants' petition for a rehearing was denied April 17, 1957. Van Dyke, J. pro tem.,* and Dooling, J. pro tem.,* participated therein in place of Shenk, J., and Schauer, J.

---

*Assigned by Chairman of Judicial Council.