[No. B006845. Second Dist., Div. Six. July 9, 1985.]

DANIEL FALLON et al., Plaintiffs and Appellants, v.
TRIANGLE MANAGEMENT SERVICES, INC., et al.,
Defendants and Respondents.

COUNSEL

Avery & Howe, Grover R. Howe and James T. Holmes for Plaintiffs and Appellants.

Rich & Ezer and Shelly Jay Shafron for Defendants and Respondents.

OPINION

**ABBE, J.**—Appeal from summary judgment ordered in favor of respondents quieting their title to real property as against appellants. The summary judgment was granted on admitted facts and on court records. We affirm.

On February 19, 1982, a grant deed was recorded in which Ernest Register (Register) conveyed title to the property in question to Steve Tolbert (Tolbert). On the face of the deed were the words "[g]ift no consideration." At the time of the conveyance Register was in default on both a first and second deed of trust. A water bond lien and a tax payment on the property were also due and unpaid.

Tolbert and his wife moved onto the property after he acquired it by deed from Register. They then applied for a loan from Statewide Home Loan (Statewide) a mortgage brokerage company. Statewide is in the business of bringing borrowers and lenders together to arrange loans secured by real property. After inspecting the property, Statewide agreed to fund Tolbert's

loan with the understanding the net proceeds of the loan would be used to pay the arrearages on the first deed of trust, pay off the delinquent second deed of trust, pay the liens, and the balance to be used by Tolbert for repairs and home improvements. The loan was funded by the lenders Cecilia Herschman, Gordon D. Howe and Fil Howe, who were represented in this transaction by respondent Triangle Management Services, Inc. (Triangle), a loan servicing company. The loan was made and the deed of trust, which became a second deed of trust, securing the loan was recorded on April 7, 1982.

On April 29, 1982, Register filed a complaint for cancellation of the deed to Tolbert on the ground that the deed had been procured by undue influence. We take judicial notice of that case, Ventura County Superior Court action number 76606.

Tolbert failed to make either the May 15, 1982, payment on the note to Triangle or any payments thereafter. Apparently, he made no improvements on or repairs to the property. Notice of default was given and on November 29, 1982, at the trustee's sale, the respondents successfully purchased the property by bidding the amount due on the notes. A trustee's deed to respondents was recorded on December 22, 1982.

Meanwhile, on October 29, 1982, in action number 76606 Register obtained a judgment by default against Tolbert. In the judgment the court declared the deed from Register to Tolbert, recorded February 19, 1982, to be "void and is canceled; that defendant Steven Tolbert acquired no right or interest under said deed and plaintiff, Ernest Register, is vested with the title absolute to said property . . . ."

Appellants purchased the property from Register on August 4, 1983, fully aware of respondents' claim to the property. Both appellants and respondents in this action filed separate suits to quiet title, which suits were consolidated for trial and resulted in summary judgment for respondents against appellants.

■ Appellants contend that the deed from Register to Tolbert, having been found "void" did not pass title and that they, not respondents, were entitled to a summary judgment. In support of their contention appellants cite *Crittenden* v. *McCloud* (1951) 106 Cal.App.2d 42 [234 P.2d 642] and *Bryce* v. *O'Brien* (1936) 5 Cal.2d 615, 616 [55 P.2d 488], for the proposition that a void deed does not pass title even in favor of an innocent purchaser or a bona fide encumbrancer for value. *Crittenden* and *Bryce* involved forged deeds and we believe them to be inapposite.

In action number 76606, Register filed a first amended complaint for cancellation of deed procured by undue influence, fraud and deceit. He alleged that the defendant was in a position of trust and that he, Register, was under severe mental and emotional strain caused by threats and harassment by Tolbert and that he signed the deed under such strain. Register alleged he received no consideration for the deed. The complaint prayed for relief by requiring the defendant to deliver the deed for cancellation, to quiet title in favor of Register as against Tolbert, for $80,000 general damages and the inevitable request for punitive damages in the sum of $500,000. There was also a request that the court declare the purported deed void.

A deed obtained as a result of fraud committed against the grantor or by use of undue influence by the grantee may be rescinded by the grantor. (*Rogers* v. *Warden* (1942) 20 Cal.2d 286 [125 P.2d 7].) If a grantor is aware that the instrument he is executing is a deed and that it will convey his title, but is induced to sign and deliver by fraudulent misrepresentations or undue influence, the deed is voidable and can be relied upon and enforced by a bona fide purchaser. (*Peterson* v. *Peterson* (1946) 74 Cal.App.2d 312 [168 P.2d 474]; *Conklin* v. *Benson* (1911) 159 Cal. 785 [116 P. 34].)

In *Conn. Life Ins. Co.* v. *McCormick* (1873) 45 Cal. 580, the Supreme Court held a deed voidable, not void, if obtained as a result of undue influence or compulsion. Such a deed "stands on the same footing as a deed procured by fraud." The court concluded that a deed or mortgage procured by duress cannot be set aside as against a party purchasing in ignorance of the facts constituting the duress, that is to say as against a purchaser for a valuable consideration and without notice of the duress. Until a voidable deed is declared void it is fully operative. (*Frink* v. *Roe* (1886) 70 Cal. 296 [11 P. 820].) Civil Code section 1107 provides: "Every grant of an estate in real property is conclusive against the grantor, also against everyone subsequently claiming under him, except a purchaser or incumbrancer who in good faith and for a valuable consideration acquires a title or lien by an instrument that is first duly recorded."

The judgment in Ventura County action number 76606 can only be considered a declaration that the deed from Register to Tolbert was void at the time the judgment was entered but not at the time the deed was executed. A deed obtained by fraud, though voidable, is generally not void. (*Blaisdell* v. *Leach* (1894) 101 Cal. 405 [35 P. 1019].) It is conceded that the respondents were bona fide encumbrancers for value without notice. The deed from Register to Tolbert was not void when executed and recorded.

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.