**FIRST INTERSTATE BANK OF SHERIDAN, Conservator of the Estate of Karol Yanna Duncan, Appellant (Plaintiff),**

v.

**FIRST WYOMING BANK, N.A. SHERIDAN, Wyoming, Appellee (Defendant).**

**No. 87–186.**

Supreme Court of Wyoming.

Oct. 5, 1988.

Virgil G. Kinnaird of Healy & Kinnaird, Sheridan, for appellant.

Clay B. Jenkins and Bruce P. Badley of Badley & Rasmussen, Sheridan, for appellee.

Before CARDINE, C.J., and
THOMAS, URBIGKIT and MACY, JJ.,
and BROWN*, J. Ret.

CARDINE, Chief Justice.

This case involves the validity of a mortgage from Gail Wagensen to the First Wyoming Bank on a 20–acre parcel of the Spur Ranch. The trial court upheld the mortgage, entering judgment in favor of the bank.

Appellant states the issue on appeal as follows:

> "Are the Findings of Fact and Conclusions of Law entered by the Trial Court clearly erroneous and unsupported by the evidence as to mental capacity to execute a deed, undue influence, confidential relationship and lack of consideration?"

We affirm.

On October 6, 1978, appellant Karol Yanna Duncan sold the Spur Ranch to Mickey D. Wagensen and Gail R. Wagensen, husband and wife. The ranch consisted of 395 acres and various improvements including a home and outbuildings.

The sale to the Wagensens was by an "Agreement for Warranty Deed" with the First Interstate Bank of Sheridan as escrow agent. Pursuant to the agreement, the Wagensens had the right to request a warranty deed on the property or parcels of it by payment of the sum of $500 per acre. The agreement was amended twice, once in 1979 and a second time on September 28, 1982. The second amendment, which is at issue in this case, resulted in the conveyance to Wagensens by warranty deed of a 20–acre parcel of land out of the original 395 acres. Mickey Wagensen then

---

* Retired June 30, 1988, but continued to participate in the decision of the court in this case pursuant to order of the court entered July 1, 1988.

deeded his interest in the 20–acre parcel to Gail Wagensen, which deed was recorded on October 5, 1983.

Sometime prior to March 15, 1984, Gail Wagensen approached the First Wyoming Bank of Sheridan (Bank) to obtain a $225,-000 loan secured by a mortgage on the 20–acre parcel. Before granting the loan, the Bank retained a title insurance company to search the land records to insure that there were no defects in Gail Wagensen's title to the property. Clear title was confirmed by the title company; and on March 15, 1984, Gail Wagensen was loaned $225,-000 by the Bank and mortgaged the 20–acre parcel to the Bank to secure the loan.

After mortgaging the property, Gail Wagensen defaulted on both the Duncan Agreement for Warranty Deed and the $225,000 bank loan secured by the mortgage. The Bank initiated foreclosure proceedings on July 26, 1985. Appellant, Karol Yanna Duncan, commenced this suit on April 12, 1986, against Gail Wagensen, Mickey Wagensen, and the First Wyoming Bank of Sheridan to set aside the September 28, 1982 amendment to the Agreement for Warranty Deed and the accompanying warranty deed. The complaint alleged the following grounds for setting aside the amendment: (1) lack of consideration; (2) incapacity on appellant's part to enter into the September 28, 1982 amendment; (3) undue influence on Gail Wagensen's part; and (4) "record notice" of these facts to First Wyoming Bank. As such, appellant urged cancellation of the March 15, 1984 Gail Wagensen mortgage to the Bank.

Gail Wagensen and Mickey Wagensen were dismissed from the case; and, on June 4, 1987, a trial was held with appellant, Karol Yanna Duncan, and the First Wyoming Bank, appellee, as the remaining parties to the suit. The sole issue at trial was the validity of the September 28, 1982 amendment to the Agreement for Warranty Deed and the warranty deed to the 20–acre parcel of the Spur Ranch. The court entered judgment in favor of the Bank, upholding the mortgage and finding that appellant did not meet her burden of proof as to: (1) her contractual incapacity to enter into the 1982 amendment; (2) any undue influence by Gail Wagensen in procuring the 1982 amendment and accompanying warranty deed; (3) a fiduciary or confidential relationship sufficient to shift the burden of proof to the Bank; and (4) the failure of consideration. The court further found that the Bank had established the requisite elements of its defense of bona fide purchaser. Judgment was entered dismissing appellant's complaint against the Bank with prejudice.

Appellant asserts that the findings of the trial court were contrary to the great weight of evidence and that the finding in favor of the Bank was therefore erroneous. The function of an appellate court is not to resolve the conflicting evidence or to retry the case. *Gasaway v. Reiter*, Wyo., 736 P.2d 749 (1987). Rather, when faced with a question involving the sufficiency of the evidence on appeal,

> " 'we assume that the evidence in favor of the successful party is true leaving out of consideration the evidence of the unsuccessful party in conflict therewith and give to the evidence of the successful party every favorable inference which may reasonably and fairly be drawn from it.' " Id. at 751, quoting *Walter v. Moore*, Wyo., 700 P.2d 1219, 1222 (1985).

See also *Harmon v. Town of Afton*, Wyo., 745 P.2d 889 (1987). Unless the trial court's findings are clearly erroneous or contrary to the great weight of the evidence, we will not disturb its ruling on appeal. *Pancratz Co., Inc. v. Kloefkorn-Ballard Construction/Development, Inc.*, Wyo., 720 P.2d 906 (1986). As we stated in *Whitefoot v. Hanover Ins. Co.*, Wyo., 561 P.2d 717, 720 (1977),

> "[t]he trial court's * * * findings of fact 'come here well armed with the buckler and shield' of presumed correctness. The findings and judgment of a trial court are generally affirmed if there is any evidence to support them and should be disturbed only when it appears they are clearly erroneous or contrary to the great weight of evidence. An appellate court should not substitute its conclu-

sions for those made by the lower court, particularly when a case is tried to a court without a jury and different conclusions can be rationally drawn from the evidence." (Citations omitted.)

Appellant contends that the great weight of the evidence proves her allegations that she was mentally incapable of entering into the September 28, 1982 amendment; that there was undue influence on the part of Gail Wagensen in procuring the amendment; that there was a lack of consideration for that amendment; and that the Bank had record notice of appellant's incompetence such that it could not claim the defense of bona fide purchaser. Moreover, she asserts that the defense itself is inapplicable because of her mental and contractual incapacity.

Wyoming has long recognized the defense of bona fide purchaser for value and the protections to which such a purchaser is entitled. *Crompton v. Bruce*, Wyo., 669 P.2d 930 (1983); *Soppe v. Breed*, Wyo., 504 P.2d 1077 (1973); *North American Uranium, Inc. v. Johnston*, 77 Wyo. 332, 316 P.2d 325 (1957); *Snyder v. Ryan*, 39 Wyo. 266, 270 P. 1072 (1928). Accordingly, the only question we need answer in disposing of this case is whether there was sufficient evidence to support the trial court's finding that the Bank was a bona fide purchaser.

■ A bona fide purchaser is protected against infirmities in a deed which would render the deed voidable. 23 Am.Jur.2d Deeds § 188 (1983). The infirmities alleged by appellant fall into this category. While a *void* deed cannot pass title even in favor of an innocent purchaser or a bona fide encumbrancer for value, *Crittenden v. McCloud*, 106 Cal.App.2d 42, 234 P.2d 642 (1951), a deed only *voidable* can pass title and be relied upon and enforced by a bona fide purchaser. *Fallon v. Triangle Management*, 169 Cal.App.3d 1103, 215 Cal.Rptr. 748 (1985); *Peterson v. Peterson*, 74 Cal.App.2d 312, 168 P.2d 474 (1946).

■ This distinction between void and voidable deeds applies to appellant's claims of mental incapacity and undue influence as affecting the validity of the 1982 amendment. While a contract made by one under guardianship by reason of incompetency has been held to be void, *Evans v. York*, Mo.App., 195 S.W.2d 902 (1946), a contract made prior to an adjudication of incapacity and appointment of a guardian, but while the person is under mental disability, is only voidable. *Cohen v. Crumpacker*, Mo. App., 586 S.W.2d 370 (1979). Thus, absent an adjudication of incapacity, the underlying instrument, in this case the September 28, 1982 amendment to warranty deed, is voidable only and will not be invalidated merely on allegations unsubstantiated by sufficient evidence.

The same is true regarding undue influence in obtaining a deed. The deed is "voidable only, not void, if obtained as a result of undue influence or compulsion." *Fallon v. Triangle Management*, supra, 215 Cal.Rptr. at 750. Where a deed is only voidable, the defense of bona fide purchaser is available. *McCoy v. Love*, Fla., 382 So.2d 647 (1979).

■ In order to achieve bona fide purchaser status, the purchaser has the burden of proving that he is (1) a purchaser in good faith, (2) for a valuable consideration, not by gift, (3) with no actual, constructive, or inquiry notice of any alleged or real infirmities in the title, (4) who would be prejudiced by cancellation or reformation of the instrument. *Crompton v. Bruce*, supra, 669 P.2d at 935.

■ In Wyoming, mortgagees are considered purchasers entitled to bona fide purchaser protection. See W.S. 34-1-101. Moreover, "it is universally agreed that a lender who takes a mortgage on land has given value despite the fact that the 'value' advanced is expected to be repaid." Cunningham, Stoebuck, & Whitman, Law of Property, § 11.10 at 784 (1984), citing W.S. 34-1-101. There is no question from the evidence presented at trial that the Bank was a purchaser in good faith, gave valuable consideration (the $225,000 loan) for the mortgage, and would be prejudiced by cancellation or reformation of the mortgage.

■ Appellant, however, asserts that the Bank is not a bona fide purchaser because it had record notice of the alleged infirmities in the amendment by virtue of the existence of a district court case in which appellant was a party and the issue was her capacity to contract. Appellant states that

"had the Bank or its agent, the title insurance company, properly researched the District Court files they would have become aware of the action between [appellant] v. Robert W. Duncan, et al., Civil Action No. C442–9–81, which would have put [appellee] on 'inquiry notice' concerning [appellant's] alleged incompetence."

The trial court found, however, that the case referred to by appellant was dismissed prior to the September 28, 1982 amendment. Thus, even a thorough search of the district court files would have revealed nothing to put the Bank on notice that appellant's capacity to contract was in question. Appellant conceded this point at trial and admitted that no other facts existed to support her contention that the Bank had notice of her incapacity. Her attorney stated in closing argument:

"The First Wyoming Bank makes much of being without notice. I won't say much there except to say, your Honor, I am sure that the First Wyoming Bank in and of itself had no knowledge * * *."

■ The Bank correctly states in its brief that "[t]his case resurrects the medieval bugaboo of uncertain land titles which was laid to rest by modern recording statutes." Our recording statute is the only means to effect constructive notice. A purchaser without actual notice of an alleged infirm title has the right to rely on the records. W.S. 34–1–121; *Paul v. Harris*, 40 Wyo. 261, 276 P. 444 (1929). Thus, Wyoming law is clear that unless a document is properly recorded in the office of the county clerk it is

"void, as against any subsequent purchaser or purchasers in good faith and for a valuable consideration of the same real estate or any portion thereof, whose conveyance shall be first duly recorded." W.S. 34–1–120.

Proper recording, however, affords protection to one without notice of infirmities in a voidable conveyance. The deed at issue in this case was properly recorded and is not void, but is claimed to be voidable. The trial court found that appellant did not satisfy her burden of proof on her claims, that the Bank was a bona fide purchaser, and that the deed was not void but was valid. We agree. "Until a voidable deed is declared void, it is fully operative." *Fallon v. Triangle Management*, supra, 215 Cal.Rptr. at 750.

The purpose of the recording statutes is to provide protection for those diligent enough to conduct a search of the title records. The Bank retained a title insurance company to conduct such a search. The search disclosed a recorded warranty deed, regular on its face, conveying title to Gail Wagensen. The search revealed no defects in Gail Wagensen's title to the 20–acre parcel. Thus, there was no actual, constructive, or inquiry notice of the alleged deficiencies. The Bank is entitled to the protection of the recording system. The deed to Gail Wagensen, as to the Bank, is not void.

■ Appellant asserts that the doctrine of bona fide purchaser does not apply when the original grantor alleges incompetence. We disagree. As we stated above, mere allegations of incompetence are insufficient to invalidate a deed. The trial court was unpersuaded by appellant's evidence that she was contractually incapable of entering into the 1982 amendment and upheld the mortgage. As against voidable deeds, the protections granted under the doctrine of bona fide purchaser are complete and apply regardless of the state of appellant's competence so long as the Bank had no notice of the claimed incompetence.

"Irrespective of the grounds on which the relief is sought, cancellation will not be granted against a bona fide purchaser for value and without notice of the ground for cancellation. From a purchaser for value without notice, a court of equitable jurisdiction takes nothing away which the purchaser has honestly

acquired." 12A C.J.S. Cancellation of Instruments § 66(a), pp. 748–49 (1980). See also *Snyder v. Ryan,* supra, 270 P. 1072. Pursuant to this rule, lack of consideration and undue influence on the part of Gail Wagensen in procuring the amendment would likewise fail to annul the protections afforded the Bank under the bona fide purchaser doctrine.

There was more than sufficient evidence to support the court's finding that the Bank was a bona fide purchaser in good faith without notice of the alleged infirmities when granting a loan to Gail Wagensen and taking a mortgage as security for the loan.

AFFIRMED.