[No. H020221. Sixth Dist. Oct. 25, 2000.]

LOUIS SCHIAVON et al., Plaintiffs and Appellants, v.
ARNAUDO BROTHERS, Defendant and Respondent.

## COUNSEL

Sharon L. Kinsey and Bruce Janke for Plaintiffs and Appellants.

John S. Pasco, Jr., for Defendant and Respondent.

## OPINION

**BAMATTRE-MANOUKIAN, J.**—Defendant Arnaudo Brothers, a partnership, was a bona fide purchaser of real property. Plaintiffs Louis Schiavon et al. held a security interest in the property, evidenced by a deed of trust. Prior to the purchase by defendant, however, the trustee under the deed of trust reconveyed plaintiffs' security interest upon a forged request for reconveyance. Plaintiffs claim that the reconveyance was void as it was based on a forged instrument, and therefore that defendant took the property subject to their deed of trust. Judgment was entered in favor of defendant after the trial court sustained a demurrer without leave to amend. Plaintiffs repeat their argument in this court.

Under California law, a bona fide purchaser for value takes title free and clear of an improperly reconveyed deed of trust, so long as the reconveyance is voidable and not void. (*Firato v. Tuttle* (1957) 48 Cal.2d 136 [308 P.2d 333]; *Erickson v. Bohne* (1955) 130 Cal.App.2d 553, 555-6 [279 P.2d 619].) That is the case here. We therefore affirm judgment for defendant.

### FACTS

Since this is an appeal from a judgment following the sustaining of a demurrer without leave to amend, we take the facts as pleaded in plaintiffs' second amended complaint.

On or about March 16, 1989, plaintiffs loaned $150,000 to Irving and Janice Perlitch. The entire balance was due in one year. Plaintiffs received a

promissory note secured by a first deed of trust on property owned by the Perlitches in Merced County.[1] The deed of trust named Fidelity National Title Insurance Company (Fidelity) as trustee, and it was recorded in the official records of Merced County. However, as per instructions by the Perlitches, after the original of the deed of trust was recorded, it was mailed to them, rather than to plaintiffs.

On or about July 20, 1989, the deed of trust, with the forged signatures of plaintiffs under the section entitled "Request for Full Reconveyance," was delivered to Fidelity. Fidelity then executed a full reconveyance of the deed of trust, which was recorded in the Merced County records. Shortly thereafter, the Perlitches sold the property to defendant Arnaudo Brothers for $250,000, free and clear of plaintiffs' security interest. The grant deed evidencing this conveyance was also recorded in the Merced County official records. Plaintiffs do not allege that defendant had knowledge of any alleged fraud in the procuring of the reconveyance or knowledge of plaintiffs' claimed interest in the property.

In 1991 Irving Perlitch filed for bankruptcy. Plaintiffs filed a secured creditors' claim with the bankruptcy trustee. Several years later, plaintiffs were informed by the bankruptcy trustee that the Merced property did not exist in the bankruptcy estate. Plaintiffs did not respond to this notice and their promissory note reverted to unsecured status. On February 28, 1997, plaintiffs received a settlement check from Irving Perlitch's bankruptcy estate in the amount of $7,474.89.

Between 1989 and 1994, plaintiffs made several verbal requests for payment of the promissory note. They received only one payment, for $3,000, made shortly before Irving Perlitch filed for bankruptcy in 1991.

Plaintiffs filed their complaint in this action on February 17, 1998, alleging numerous causes of action against the Perlitches, Fidelity, Fidelity's vice-president William Duggen, the realtors who had represented the Perlitches in 1989, and the Arnaudo Brothers partnership. After a demurrer filed by the Arnaudo Brothers was sustained with leave to amend, plaintiffs filed their second amended complaint September 16, 1998.

A second demurrer was filed by defendant Arnaudo Brothers to plaintiffs' first and second causes of action for declaratory relief and to cancel the reconveyance and reinstate the deed of trust. The trial court sustained the demurrer as to the two causes of action against defendant Arnaudo Brothers,

---

[1]For reasons which are not explained, although the amount of the loan was $150,000, the deed of trust was in the amount of $400,000.

on grounds that the complaint showed defendant was a bona fide purchaser with no knowledge of the fraud, and that the reconveyance was a voidable, rather than a void, instrument. Thus defendant took the property free and clear of plaintiffs' lien and plaintiffs could state no cause of action against defendant. Judgment was entered in favor of defendant Arnaudo Brothers July 6, 1999.

## DISCUSSION

■ On appeal from a judgment of dismissal after a demurrer is sustained without leave to amend, we assume the truth of all facts properly pleaded in order to determine whether the complaint states a cause of action. (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 38-39 [77 Cal.Rptr.2d 709, 960 P.2d 513]; *First Nationwide Savings v. Perry* (1992) 11 Cal.App.4th 1657, 1662 [15 Cal.Rptr.2d 173].) Application of the law to the facts as pleaded is subject to our independent review. (*C.J.L. Construction, Inc. v. Universal Plumbing* (1993) 18 Cal.App.4th 376, 383 [22 Cal.Rptr.2d 360].)

■ Plaintiffs seek to cancel the reconveyance of their deed of trust in 1989 and to reinstate their security interest in the property subsequently transferred to defendant. Plaintiffs have pleaded and concede here that defendant was a bona fide purchaser for value, with no knowledge of the underlying fraud or of any competing claim of plaintiffs. Whether defendant's status as a bona fide purchaser defeats plaintiffs' claim under the deed of trust depends on whether the trustee's reconveyance of plaintiffs' deed of trust was void or voidable. If the reconveyance was void, it would have no effect even against a subsequent bona fide purchaser. (*Crittenden v. McCloud* (1951) 106 Cal.App.2d 42 [234 P.2d 642]; *Bryce v. O'Brien* (1936) 5 Cal.2d 615, 616 [55 P.2d 488].) If the reconveyance was voidable, however, it may have been subject to cancellation and rescission as against the trustee, but could be relied upon by a subsequent bona fide purchaser for value such as defendant. (*Erickson v. Bohne, supra,* 130 Cal.App.2d at pp. 555-556.)

A deed is void if the grantor's signature is forged or if the grantor is unaware of the nature of what he or she is signing. (*Erickson v. Bohne, supra,* 130 Cal.App.2d at pp. 555-556.) A voidable deed, on the other hand, is one where the grantor is aware of what he or she is executing, but has been induced to do so through fraudulent misrepresentations. (*Fallon v. Triangle Management Services, Inc.* (1985) 169 Cal.App.3d 1103, 1106 [215 Cal.Rptr. 748].) The same rules apply to the reconveyance of the property interest under a deed of trust as to the conveyance of property by grant deed. (*Wutzke v. Bill Reid Painting Service, Inc.* (1984) 151 Cal.App.3d 36, 43 [198

Cal.Rptr. 418] (*Wutzke*).) Here Fidelity, the lawful trustee under the deed of trust, executed the reconveyance of the deed of trust by the signature of its vice-president and with full awareness of the effect of the act. The fraudulent misrepresentation occurred in the forgery on the request for reconveyance. The reconveyance was therefore voidable, but not void, and the subsequent bona fide purchaser of the property was entitled to rely on it.

Several cases will illustrate these principles. In *Erickson v. Bohne, supra,* 130 Cal.App.2d 553, the plaintiff was mentally and physically incapable of understanding and transacting business and was taken advantage of by her daughter and her daughter's friend, who fraudulently procured the execution and delivery of a deed by the plaintiff to the daughter. The daughter then conveyed the property to her friend, who conveyed it for valuable consideration to a third party, who did not know of the fraud. The plaintiff did not know that she was signing a deed, had no intention to convey property, and received no consideration. The court found that the plaintiff stated a cause of action against the third party purchaser for cancellation of all three deeds on the ground that her original grant deed was void. "[P]laintiff's deed was void because it is alleged . . . that she was wholly without understanding . . . Under such circumstances there was no effective execution or delivery of the deed, . . . it was void *ab initio* and an action to avoid it could be brought at any time. . . . 'A void deed passes no title and cannot be made the foundation of a good title even under the equitable doctrine of bona fide purchase.' " (*Id.* at p. 557.)

In *Wutzke, supra,* 151 Cal.App.3d 36, the plaintiff sold property to the Millers and took back a promissory note and a deed of trust. Unbeknownst to the plaintiff, the trustee designated by the Millers was an escrow company owned by the Millers themselves. Miller later executed and recorded a deed of reconveyance eliminating the plaintiff's security interest in the property. The reconveyance falsely represented that the trustee had received a written request to reconvey from the trustor (the plaintiff) and that all sums secured by the deed of trust had been paid. Miller signed the reconveyance with the fictitious names of the executive officer of the escrow company and a notary. Having cleared the property of debt, Miller then borrowed money from a third party, who knew nothing of the fraud, and executed a promissory note secured by a new first deed of trust on the property.

As between the plaintiff in *Wutzke* and the bona fide encumbrancer for value, the court found that the plaintiff had a superior interest. In that case the deed of reconveyance itself had been forged, with the intent to defraud. Although the law protects innocent purchasers and encumbrancers, "that protection extends only to those who obtained good legal title.

[Citations.] . . . [A] forged document is void *ab initio* and constitutes a nullity; as such it cannot provide the basis for a superior title as against the original grantor." (*Wutzke, supra,* 151 Cal.App.3d at p. 43; see also cases cited *ibid.*)

In *Fallon v. Triangle Management Services, Inc., supra,* 169 Cal.App.3d 1103, the court explained the distinction between a void and a voidable deed. In that case, Register executed a grant deed conveying property to Tolbert. Tolbert then borrowed money against the property, secured by a deed of trust. Tolbert defaulted on payments and the lenders took over the property at a foreclosure sale. Meanwhile, Register had obtained a judgment against Tolbert which determined that the deed from Register to Tolbert was void because it was procured by undue influence. The plaintiffs then purchased from Register, knowing of the lenders' claim to the property. In consolidated quiet title actions, the issue was who had superior title as between the plaintiffs and the lenders.

The court in *Fallon* found that the original Register/Tolbert deed was voidable but not void and that the subsequent lender thus had a superior claim. "A deed obtained as a result of fraud committed against the grantor or by use of undue influence by the grantee may be rescinded by the grantor. [Citation.] If a grantor is aware that the instrument he is executing is a deed and that it will convey his title, but is induced to sign and deliver by fraudulent misrepresentations or undue influence, the deed is voidable and can be relied upon and enforced by a bona fide purchaser." (*Fallon v. Triangle Management Services, Inc., supra,* 169 Cal.App.3d at p. 1106.) ■ The reasoning of *Fallon* applies equally in our case, where the reconveyance from Fidelity was procured by fraudulent misrepresentation, namely the forged signatures of plaintiffs on the request for reconveyance and the representation that the sums secured by the deed of trust had been paid in full.

Even closer to our facts is *Firato v. Tuttle, supra,* 48 Cal.2d 136. In *Firato,* the plaintiffs loaned money to the Tuttles and received a promissory note and deed of trust on the Tuttles' property. The trust deed named a real estate broker, McCormick, as trustee. Although the loan was not paid off, McCormick executed a reconveyance of the deed of trust without authority and upon a false recitation that the loan had been paid in full. The Tuttles then sold the property. Before the plaintiffs discovered the fraud, the property had been conveyed several times. The subsequent grantees were bona fide purchasers for value and knew nothing of the unauthorized act of McCormick. The plaintiffs sued to cancel the purported reconveyance by McCormick and to have their deed of trust reinstated. Demurrers were sustained and judgment entered against the plaintiffs.

The Supreme Court affirmed the judgment. The court found that the unauthorized reconveyance of a trust deed by the trustee, while voidable, was not necessarily void as to a subsequent bona fide purchaser of the property for value. The court drew a distinction between conveyances that are merely unauthorized and those that are "wholly void . . . [such] as where a deed has been forged or has not been delivered." (*Firato v. Tuttle, supra,* 48 Cal.2d at p. 139.) In the case of unauthorized reconveyances, such as the one in the case before it, the court found that former Civil Code section 2243[2] "would protect innocent purchasers for value who take without any notice that the conveyance by the trustee was unauthorized . . . ." (48 Cal.2d at p. 139.) The defendants in *Firato* were innocent purchasers for value and the plaintiffs could not plead otherwise. Consequently, the plaintiffs could not state a cause of action and the demurrers were properly sustained.

We find no reasoned basis for distinguishing *Firato* from the case before us. Former Civil Code section 2243, upon which the court in *Firato* relied, was replaced by Probate Code section 18100,[3] which expanded the protections afforded an innocent purchaser in connection with the acquisition of property conveyed by a trustee. "[S]ection 18100 was specifically adopted to change the prior law, which placed third party purchasers of trust property on constructive or inquiry notice of possible breaches of trust. The new law gives such purchasers protected bona fide status except where they have actual knowledge of a breach." (*Adler v. Manor Healthcare Corp.* (1992) 7 Cal.App.4th 1110, 1115-1116 [9 Cal.Rptr.2d 732].)

Appellant argues that *Firato* is not applicable because the court in *Firato* did not address the question of a forged document, whereas the *Wutzke* case is closer to our facts because the reconveyance in *Wutzke* was forged. Although the request for the reconveyance in our case was forged, however, the reconveyance itself was not forged. As in *Firato,* the reconveyance was executed by the designated trustee under the deed of trust, who was aware of the consequences of the act but was not properly authorized to reconvey. The

---

[2]Former Civil Code section 2243 provided that "Everyone to whom property is transferred in violation of a trust, holds the same as an involuntary trustee under such trust, unless he purchased it in good faith, and for a valuable consideration." (Repealed by Stats. 1986, ch. 820, § 7, p. 2730.)

[3]Probate Code section 18100 provides as follows: "With respect to a third person dealing with a trustee or assisting a trustee in the conduct of a transaction, if the third person acts in good faith and for a valuable consideration and without actual knowledge that the trustee is exceeding the trustee's powers or improperly exercising them: [¶] (a) The third person is not bound to inquire whether the trustee has power to act or is properly exercising a power and may assume without inquiry the existence of a trust power and its proper exercise. [¶] (b) The third person is fully protected in dealing with or assisting the trustee just as if the trustee has and is properly exercising the power the trustee purports to exercise."

court in *Wutzke* carefully distinguished the case before it from *Firato*. As the court explained, the trustee in *Wutzke* was not only unauthorized to reconvey the interest described in the deed of trust, but also forged the reconveyance by signing two fictitious names. ■ A forgery is a " 'writing which falsely purports to be the writing of another,' " and is executed with the intent to defraud. (*Wutzke, supra,* 151 Cal.App.3d at p. 42, quoting *Generes v. Justice Court* (1980) 106 Cal.App.3d 678, 682 [165 Cal.Rptr. 222], italics omitted.) ■ The reconveyance in *Wutzke* was forged and was therefore void, and a subsequent purchaser for value could not rely on it. In *Firato*, on the other hand, the reconveyance was executed by the designated trustee, and did not purport to be "the writing of another." (*Wutzke, supra,* 151 Cal.App.3d at p. 42.) It was "merely unauthorized," as was the reconveyance in our case. (*Id.* at p. 40.) "If a trustee executes an unauthorized reconveyance and the trustor subsequently conveys the property, a grantee *who does not have notice* of the trustee's lack of authority receives title free and clear of the lien." (*First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1441 [71 Cal.Rptr.2d 295], italics in original, citing *Firato v. Tuttle, supra,* 48 Cal.2d at p. 139.) We find *Firato* to be controlling here.

## DISPOSITION

The judgment is affirmed.

Premo, Acting P. J., and Wunderlich, J., concurred.

Appellants' petition for review by the Supreme Court was denied January 24, 2001.