## MUIR v. BOSEY, ET AL.

(No. 808; Decided March 8th, 1915; 146 Pac. 595.)

JUDGMENT—AFTER-ACQUIRED LANDS—LIEN — EXECUTION — PUBLIC LANDS—INTEREST OF ENTRYMAN—TITLE BEFORE PATENT.

1. The lien of a judgment attaches to after-acquired lands of of the debtor.
2. Under the provisions of Sections 4683 and 4684 Compiled Statutes, 1910, the lien of a prior judgment obtained against an entryman attaches to lands included in his desert entry, after final proof and certificate and before issuance of patent.

ERROR to District Court, Lincoln County, DAVID H. CRAIG, Judge.

The material facts are stated in the opinion.

*W. A. Muir,* plaintiff in error.

The judgment did not attach and become a lien on the land prior to the time the same was conveyed to plaintiff. In any event, the equitable interest of the judgment debtor in the land did not exceed a total value of $1,020.00 and the judgment lien cannot attach for a greater amount. (Sections 4683 and 4684, Compiled Statutes 1910.) The

authorities follow two lines: one known as the Ohio Doctrine and the other as the Pennsylvania Doctrine. The Oregon cases of Pogue v. Simon, 81 Pac. 566 (Ore.), and Budd v. Gallier, 89 Pac. 638, following the Pennsylvania rule, are in conflict with the decisions of the United States Supreme Court. (Bagnell v. Broderick, 38 U. S. 448 (10 L. Ed. 235); Litchfield v. Richards, 76 U. S. 575, (19 L. Ed. 681); McGarraham v. New Idria Mining Co. 96 U. S. 316 (24 L. Ed. 630); Marquez v. Frisbie, et al., 101 U. S. 473 (25 L. Ed. 800); Brandies v. Cochrane, 112 U. S. 350; Carter v. Ruddy, 166 U. S. 492 (41 L. Ed. 1090.) The leading case in support of the Ohio Doctrine is Roads v. Symmes, et al., 1 Ohio, 281, 312-314. Only an equitable title exists before issuance of patent. (Gwynne v. Niswanger, 20 Ohio 556; Roads v. Semmes, 1 Ohio 281; Manley v. Hunt, 1 Ohio 257; Wallace v. Seymour, et al., 7 Ohio 146; Caldwell, et al. v. Bush, 6 Wyo. 342; Bagnell v. Broderick, 38 U. S. 448 (10 L. Ed. 235), *supra,* and other United States Supreme Court cases heretofore cited. A mere equitable interest is not subject to a judgment lien, (Haynes v. Baker, 5 O. S. 255) and cannot be sold on execution. (Douglass v. Huston, 6 Ohio 156; Haynes v. Baker, 5 O. S. 255; Scott v. Douglass, 7 Ohio 228; Baird v. Kirtland, 8 Ohio 21.) The fee is in the government, until the issuance of patent.

*P. W. Spaulding,* for defendants in error.

The early Ohio decisions are not controlling. In Wyoming a judgment lien attaches to after-acquired land. (Coad v. Cowhick, 9 Wyo. 325, 63 Pac. 684.) A judgment transcripted to another county becomes a lien upon all real estate of judgment debtor in such county. (Session Laws 1911, Chapter 22.) A land office certificate of purchase is proof of title against all except the United States, or the holder of a patent from the United States. (Section 3632, Compiled Statutes 1910.) A quit claim deed conveys all legal or equitable interests of the grantor. (Section 3661, Compiled Statutes.) A possessory right

may be transferred. (Section 3715, Compiled Statutes 1910; Budd v. Gallier, 89 Pac. 638 and 639.) Final proof and payment passes an estate of inheritance and of full interest, which is subject to execution prior to patent. (Budd v. Gallier, *supra;* Goodlett v. Smithson, 5 Porter 245, 30 Am. Dec. 561; Pogue v. Simon, 81 Pac. 567; Jackson v. Williams, 10 Ohio 69; 1 Black on Judgments, Sec. 422; Caldwell v. Bush, 6 Wyo. 324, 45 Pac. 488.) When the right to a patent becomes vested, it is equivalent so far as the government is concerned to a patent actually issued. (Stark v. Starrs, 6 Wall 402; Barney v. Dolph, 97 U. S. 652, 656, 24 L. Ed. 1063.) Judgments are a lien on equitable estates. (Anwerter v. Marthiot, 9 S. & R. 402.) The Ohio Doctrine was not followed in that state, when the interest of a purchaser of government land was sought to be levied upon prior to patent. (Jackson v. Williams, *supra.*)

BEARD, JUSTICE.

This is an action by the plaintiff in error against the defendants in error to enjoin the sale of certain real estate on execution. The judgment was in favor of the defendants, and plaintiff assigns error.

The facts of the case are not in dispute and are as follows: On January 25, 1907, Christina M. Fleming made desert entry for the land in question, and on March 29, 1912, submitted final proof of compliance with the requirements of the desert land laws, and on January 23, 1913, the Register and Receiver of the Land Office issued to her a final receipt or certificate of purchase and payment for said lands, and on September 13, 1913, a patent was issued to her by the United States therefor. September 13, 1911, the defendant, Anna B. Bosey, recovered a judgment in the District Court against said Christina M. Fleming and another for $2803, and costs, and October 24, 1913, caused execution to be issued on said judgment and to be levied upon said land. To enjoin a sale on said execution this action was brought. August 11, 1913, said Christina M.

Fleming conveyed by quit-claim deed all of her equity, right, title and interest in said land to the plaintiff.

The principal question in the case is whether the judgment was a lien on the land prior to and at the time of the conveyance from Mrs. Fleming to plaintiff. If it was, then no other questions need be considered. The statute provides: "Lands and tenements, including vested interests therein,   *   *   *   not exempt by law, shall be subject to the payment of debts, and shall be liable to be taken on execution, and sold as hereinafter provided." (Sec. 4683, Comp. St. 1910.) "Such lands and tenements, within the county where the judgment is entered, shall be bound for the satisfaction thereof from the first day of the term at which the judgment is rendered;   *   *   *   and all other lands, as well as goods and chattels of the debtor, shall be bound from the time they are seized in execution." (Sec. 4684, id.) It is not material in this case whether Mrs. Fleming had such an interest in the land at the date of the judgment and before final proof, payment, and receipt of final certificate as would be subject to the lien of the judgment, as it is the law of this state that the lien of a judgment attaches to the after-acquired lands of the debtor. (Coad v. Cowhick, et al., 9 Wyo. 316-325, 63 Pac. 584, 87 Am. St. Rep. 953.) It is with respect to the interest or title of the entryman after final proof, payment, and issuance of final receipt or certificate, but before patent is issued that we are to enquire. Having complied with all of the requirements of the United States statutes, and the rules and regulations of the Interior Department, and having paid the purchase money in full, and having received from the proper officers the certificate of purchase, Mrs. Fleming was entitled to a patent for the land. She was not the owner of a mere equity, but was the owner of the full equitable title, and the government retained only the naked legal title; and that it held in trust for her. (Caldwell et al. v. Bush, 6 Wyo. 342, 45 Pac. 488.) By her purchase and payment and by complying with all of the requirements of the statutes and regulations she acquired all the

property the United States had in the land. (Arnold v. Grimes and Chapman, 2 Ia. 1; Cavender v. Heirs of Smith, 5 Ia. 157.) She was then possessed of a vested estate of inheritance in the land which the statute declares shall be subject to the payment of debts and liable to be taken and sold on execution and it is such lands that are bound for the satisfaction of the judgment. Plaintiff in error relies largely on some early Ohio decisions. But the statute of Ohio at the time those decisions were made was different from ours. The Ohio statute was amended in 1880, and as amended is identical with ours. (In Nat. Bank of Columbus v. Tennessee Coal, Iron and R. R. Co., 62 O. St. 564, 57 N. E. 450, the court said: "As the statutes of this state stood before the revision of 1880, 'lands and tenements' could be levied upon and sold to pay debts. (Sec. 420 of the Code of Civil Procedure, and the statutes prior thereto.) Under those statutes it was held that an equity could not be levied upon and sold to pay debts, and that a judgment did not create a lien upon an equity. (Baird v. Kirtland, 8 Ohio 21; Morris v. Way, 16 Ohio 469; Loring v. Melendy, 11 Ohio 355, and many other cases.) The statute was amended in 1880, Sec. 5374, so as to make 'lands and tenements, including vested interests therein,' subject to levy and sale for the payment of debts. Manifestly the interest which Mr. Patton retained in the surplus of the value of the real estate over and above the amount required to pay his note, and which was to be returned to him by the terms of the instrument, was a vested interest, and therefore subject to levy and sale to pay his debts. By the next section, 5375, it is provided that such 'lands and tenements, within the county where the judgment is entered, shall be bound for the satisfaction thereof from the first day of the term at which the judgment is rendered.' 'Such lands and tenements,' in this section, embraces the same as 'lands and tenements, including vested interests therein,' in the preceding section. It is, therefore, clear that the judgment in question became a lien upon the vested interest of Mr. Patton in the

lands covered by this instrument, from the first day of the April term, 1894, of the common pleas, that is, April 7, 1894, and that the lien of the judgment attached, by relation, under the statute, to such vested interest as he then had in said lands." In a recent case in the Supreme Court of Oregon, Budd v. Gallier, Sheriff, et al. 50 Ore. 42, 89 Pac. 638, the question here under consideration was determined, and the distinction between a mere equitable interest or title, which can only be ascertained, established, or made available in a court of equity, and the title held by one who has complied with the law and has done all that is required to vest the complete title in said person, is clearly stated. By the statute of that state judgments were made a "lien upon all the real property of the defendant"; and it was held that after the issuance of the certificate of purchase the property was "real property" within the meaning of the statute and that the judgment was a lien thereon and superior to a deed of the land made the same day the final certificate was issued. The authorities in support of the holding are cited in the opinion. Our statute is more comprehensive than that of Oregon, and includes vested interests; and, in addition, we have another statute, Section 3632, Comp. St. 1910, which provides: "The certificate of purchase or payment issued by the receiver of any land office of the United States, * * * is proof of the title to the land described therein, equivalent to a patent against all except the United States or the holder of a patent from the United States." Thus the statute recognizes the holder of such certificate not merely as the owner of an equitable interest in the land but as the absolute owner against all the world except the government or the holder of a patent from it. But aside from this statute we are satisfied that upon the facts of this case the judgment became a lien upon the land in question prior to the time the plaintiff in error received the quit-claim deed, and that the District Court correctly so held. The judgment of the District Court is affirmed.                    *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.