Bruce L. BUMMER and Kathleen A. Bummer, husband and wife, Appellants (Defendants),

v.

Suzanne Desiree COLLIER, Appellee (Plaintiff).

No. 93–41.

Supreme Court of Wyoming.

Dec. 2, 1993.

Marvin L. Bishop, III, Casper, for appellants.

Keith P. Tyler, Casper, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

Appellants, Bruce and Kathleen Bummer, appeal the district court's entry of summary judgment declaring appellee's lien valid against their property and awarding appellee $25,000 plus prejudgment interest and costs.

We affirm.

## ISSUES

Appellants present the following issues for our review:

A.  Whether the district court erred by holding a lien defectively recorded against property other than appellants was sufficient to constitute notice so as to impose a lien on appellants' property.

B.  Whether the district court erred by holding the Comprehensive Curative Act of Wyoming, W.S.1977, § 34–8–103 cured the defective recording of a lien after such lien had been of record in excess of ten years.

C.  Whether the district court erred by holding that a defective lien with pages recorded out of sequence was sufficient to give notice to appellants that the lien on its face was erroneous and appellants had duty to inquire whether the property they were purchasing was subject to the lien.

D.  Whether the district court erred in holding as a matter of law that an unrecorded decree of divorce which granted appellee a lien on her former husband's partnership interest in real property located in Paradise Valley, Natrona County, Wyoming is sufficient under W.S. 1977, § 17–13–505, to impose a charge on appellants' real property which is not located in Paradise Valley.

E.  Whether the district court erred in holding as a matter of law that William K. Collier, as a partner in Brown & Collier partnership, could give appellee an assignment and lien on such partnership

real property to satisfy a personal obligation.

F. Whether the district court erred in disregarding the undisputed fact that the divorce decree granting appellee a lien, and the lien.itself, would not appear in the chain of title to the real property purchased by appellants.

G. Whether the district court erred in denying appellants' motion for summary judgment because the undisputed facts prove the lien, as recorded, included 6.727 acres of land and specifically excluded appellants' real property.

H. Whether the district court erred in denying appellants' motion for summary judgment because the undisputed facts prove appellee's lien described in a divorce decree was on real property located in Paradise Valley and not on real property acquired by appellants not located in Paradise Valley.

I. Whether the district court erred in not granting appellants' motion for summary judgment when the undisputed facts prove appellants were bona fide purchaser[s] of real property without notice of appellee's lien.

J. Whether the district court erred by not finding as a matter of law that appellee's lien was barred by the statute of limitations and the Collier decree of divorce was a dormant judgment.

K. Whether the district court erred in awarding to appellee all court costs and interest from the date appellants acquired their real property.

Appellee rephrases the issues as follows:

A. Whether a lien with an attached legal description which is obviously recorded in the incorrect order constitutes notice so as to impose a lien on appellants' property.

B. Whether the defect in recording is cured by the Comprehensive Curative Act of Wyoming, W.S. § 34–8–103.

C. Whether the assignment and lien granted to wife pursuant to the divorce decree constitutes a valid and enforceable assignment of partial interest and lien against husband's partnership property for $25,000.00.

D. Whether the reference to "Paradise Valley" in the decree creates sufficient confusion to avoid notice of the Collier lien.

E. Whether appellee's lien is barred by the statute of limitations.

F. Whether the Collier lien appears in the chain of title.

G. Whether appellee is entitled to interest on her claim of $25,000.00 from the date of closing of the Collier/Bummer transaction.

## FACTS

In 1978, the partnership of Brown & Collier (William Brown and William Collier) acquired title to certain property in Natrona County, a portion of which now belongs to appellants. In 1979, William Collier and Suzanne Collier (appellee) were divorced. Pursuant to their divorce agreement, as ordered by the presiding judge, Mr. Collier assigned to appellee a lien of $25,000 against an eighteen-acre parcel of the partnership property (the parcel now owned by appellants). The Assignment and Lien provided that upon sale of the property appellee was to receive $25,000.

In 1987, title to the eighteen acres in dispute was conveyed from Brown & Collier to Mr. Collier. Mr. Collier did not record this transfer of title until 1991. In 1991, Mr. Collier sold the property to appellants for approximately $52,000.

Before purchasing the property from Mr. Collier, appellants required him to furnish a title policy ensuring the property was free and clear of any encumbrances. Mr. Collier retained Rocky Mountain Title Company to conduct a title search and issue a title policy. In performing its title search, the title company failed to discover the $25,000 lien recorded against the property. The legal description of the land to which the lien attached was recorded on three pages. When the lien was filed with the clerk, or when the clerk filed the lien, these three pages ended up out of order. The title company did not realize the pages

were out of order and, as a result, misunderstood which property carried the lien.

When appellee learned Mr. Collier had sold the land, she filed a complaint against appellants seeking to foreclose on the lien. Both parties moved for summary judgment contending no genuine questions of fact existed, and each was entitled to judgment as a matter of law. The district court granted appellee's motion after it determined the lien was valid when created, and appellants had inquiry notice of the lien and thus were not bona fide purchasers.

## STANDARD OF REVIEW

Summary judgment is proper when no genuine issues of material fact exist, and the prevailing party is entitled to judgment as a matter of law. *Lynch v. Norton Construction, Inc.*, 861 P.2d 1095, 1095 (Wyo.1993); *Brown v. Avery*, 850 P.2d 612, 614–15 (Wyo.1993). When reviewing the propriety of a grant of summary judgment, we review the record in the light most favorable to the party opposing the motion, giving that party all favorable inferences that can be drawn from the facts. *Lynch*, 861 P.2d at 1095. However, in this case, the parties agree that no genuine issue of material fact exists, thus our review is limited to whether appellee was entitled to judgment as a matter of law.

## DISCUSSION

We believe the primary issues as outlined by the parties can be pared down to two questions: whether the lien was valid when created, and if so, whether appellants were bona fide purchasers.

### 1.  *Validity of the Lien When Created*

Appellants contend the lien against their property was void when created because Mr. Collier lacked authority to assign a lien against partnership property for personal debts. We agree with appellants' premise that a partner may not use partnership property to satisfy personal obligations. However, we do not agree that the lien attached to partnership property; therefore, we conclude the lien was valid when created.

The divorce decree which originally created appellee's interest in the eighteen acres of land outlined her interest as follows:

Of a remaining approximate 18 acres of land in Paradise Valley, Natrona County, Wyoming, being also owned by the defendant and William Brown (Brown and Collier, a partnership), the defendant shall retain *his interest* in said land, *subject to* the further provisions of this decree relating to assignment of a $25,000.00 interest in said 18 acres, to the plaintiff.

\*　　\*　　\*　　\*　　\*　　\*

*Upon the sale of all or a part of the remaining approximately 18 acres* owned jointly by the defendant and Mr. William Brown in Paradise Valley, Natrona County, Wyoming, and as partial settlement of the claims of the plaintiff to the marital property of the parties, *the defendant shall pay to the plaintiff the sum of $25,000.00* \* \* \*. The defendant shall execute to the favor of the plaintiff an assignment and lien in the amount of $25,000.00 on said property and said instrument may be recorded by the plaintiff.

(Emphasis added).

WYO.STAT. § 17–13–503 (1989) defines a partner's interest in the partnership as "his share of the profits and surplus, and [that interest] is personal property." "Surplus" refers to the excess of assets over liabilities. CLAIRE MOORE DICKERSON, PARTNERSHIP LAW ADVISER at 174 (1991). Section 17–13–505 authorizes a court to charge the interest of a debtor partner with payment of an unsatisfied judgment debt against that partner.

The language used in the divorce decree indicates that upon sale of the property, it was Mr. Collier's interest in the property which was subject to the lien. The divorce decree extended the lien only to Mr. Collier's interest in the partnership property, which would include the surplus remaining after sale of the land in question. Thus, as

permitted by § 17–13–505, the court which entered the divorce decree charged Mr. Collier's interest in the partnership with payment of the $25,000 judgment. We therefore conclude the lien was valid when created.

Before proceeding to the question whether appellants were bona fide purchasers, we believe it will be helpful to explain how the lien against Mr. Collier's interest in the partnership, which is personal property, became a lien against the real property. We would hypothesize, for example, that if the partnership had conveyed the property to the Bummers, they might well have taken free of any lien.

We have precedent in Wyoming that justifies the result reached in this case. In *Coad v. Cowhick*, 9 Wyo. 316, 63 P. 584 (1901) and *Muir v. Bosey*, 23 Wyo. 46, 146 P. 595 (1915), this court held that the lien of a judgment attaches to the after-acquired lands of the debtor. The Wyoming statute upon which these decisions were premised has been rewritten since the decisions, but not in a way that would inhibit the application of this rule. *See* WYO.STAT. § 1–17–301 (1988).

■ In this case, it is clear that the district court intended to impose a charge upon the real property in question at the time it entered the divorce decree, and an assignment and lien in the amount of $25,000 was made in favor of appellee by Mr. Collier in accordance with the decree. At the time Mr. Collier executed the assignment and lien, the lien was at best an inchoate lien, at least as it related to the real property. An inchoate lien is one that "may become certain as to amount, identity of the lienor, or the property subject thereto only at some time subsequent to [the date of the lien's creation.]" *United States v. New Britain*, 347 U.S. 81, 86, 74 S.Ct. 367, 370–71, 98 L.Ed. 520, 526 (1954). *See also Danbury Sav. & Loan Ass'n v. Delaney*, 207 Conn. 743, 542 A.2d 1153, 1156 (1988), *cert. denied*, 488 U.S. 1004, 109 S.Ct. 783, 102 L.Ed.2d 775. In our case, the real property subject to the lien could not be identified until the partnership had conveyed title to the real property to Mr. Collier.

The property subject to the lien became certain, however, when the partnership conveyed the property to Mr. Collier. Upon that transfer, the lien attached to the real property as after-acquired property. This occurred before the conveyance to appellants, and the lien may therefore be enforced against appellants if they were not bona fide purchasers of the property.

### 2. Whether Appellants Were Bona Fide Purchasers

■ We agree initially with appellants that the defect at issue, recording the pages of the property's legal description out of order, is not the type of error cured by Wyoming's Comprehensive Curative Act. WYO.STAT. §§ 34–8–101 through 34–8–105 (1990). The act provides that certain recording defects will be corrected by operation of law after the instrument has been recorded for a period of ten years. WYO. STAT. § 34–8–103. The defects cured by the act include defects and irregularities in the *formalities* of execution, recording, attestation and acknowledgment of instruments affecting title to property. WYO. STAT. § 34–8–104.

■ A proper legal description of the property affected by the recorded instrument does not constitute a formality, and thus the act will not cure an error in that description. To hold otherwise would, upon the passage of ten years, render unreliable the legal descriptions of property provided in recording instruments.

Although we do not find the recording defect in this instance to have been corrected by the curative act, we nonetheless conclude appellants were not bona fide purchasers. This court has held that to achieve bona fide purchaser status, the purchaser must prove that he is

"(1) a purchaser in good faith, (2) for a valuable consideration, not by gift, (3) with no actual, constructive, or inquiry notice of any alleged or real infirmities in the title, (4) who would be prejudiced by

cancellation or reformation of the instrument.

*First Interstate Bank v. First Wyo. Bank,* 762 P.2d 379, 382 (Wyo.1988) (citing *Crompton v. Bruce,* 669 P.2d 930, 935 (Wyo.1983)).

■ Appellants did not have actual or constructive notice of the lien. However, we find that the error in recording out of order the pages of the legal description was obvious and put the purchasers on inquiry notice. Inquiry notice consists of "knowledge of facts so informing that a reasonably cautious person would be prompted to inquire further * * *." *Miller v. Alexander,* 13 Kan.App.2d 543, 775 P.2d 198, 204 (1989). A reasonably cautious person would have been prompted to inquire further upon noticing the pages were not in their numbered order, and the legal description made no sense as recorded.

Reasonable investigation of the divorce decree, the lien and the legal description of the land to which the lien attached would have revealed the lien actually attached to appellants' land. *See Doenz v. Garber,* 665 P.2d 932, 936 (Wyo.1983). Since reasonable investigation would have revealed the existence of the lien, appellants were not bona fide purchasers.

Having concluded the lien against appellants' property was valid when created, and appellants were not bona fide purchasers, we consider appellants' remaining contentions. They contend appellee's action was barred by the statute of limitations, and that her divorce decree is dormant precluding enforcement of the lien. They further assert that even if the district court properly entered judgment in appellee's favor, it should not have awarded her prejudgment interest.

3. *Statute of Limitations and Dormant Divorce Decree*

■ The applicable statute of limitations requires that a cause of action be brought within ten years of the date the action accrues. WYO.STAT. § 1–3–103 (1988). By the terms of the divorce decree and the assignment and lien, appellee was not entitled to enforce her lien against the property until the property had been sold. This means her cause of action did not accrue until the property had been sold, which at the earliest would have been 1987, when the partnership transferred title to the property to Mr. Collier. Appellee's 1992 complaint was clearly filed within the time allowed by the statute of limitations.

Appellants provide no cogent argument supporting their contention that the dormant divorce decree precludes enforcement of the lien. We therefore will not consider this contention. *See Burg v. Ruby Drilling Co.,* 783 P.2d 144 (Wyo.1989).

4. *Award of Prejudgment Interest*

■ Appellants contend the district court's assessment of prejudgment interest against them was improper since it was Mr. Collier who owed appellee money. Prejudgment interest is recoverable on liquidated claims but not unliquidated claims; a liquidated claim is one readily computable by simple mathematical computation. *Belle Fourche Pipeline Co. v. Elmore Livestock Co.,* 669 P.2d 505, 515 n. 8 (Wyo.1983). Under the terms of the assignment and lien, appellee had a liquidated claim of $25,000 against appellants' property from the time of its sale.

Appellants have presented no authority or cogent argument supporting their contention the district court should have deviated from this rule. As noted above, we will not address claims unsupported by cogent argument or authority.

**CONCLUSION**

We conclude appellee's lien against appellants' property was valid when created, and appellants were not bona fide purchasers. The decision of the district court is affirmed.