### In re TAYLOR, BEAN & WHITAKER MORTGAGE CORPORATION, Debtor.

### No. 3:09–bk–7047–JAF.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

April 26, 2012.

Edward J. Peterson, III, Amy Denton Harris, Russell M. Blain, Richard C. Prosser, Stichter, Riedel, Blain & Prosser, PA, Tampa, FL, Jeffrey W. Kelley, James D. Dantzler, Troutman Sanders LLP, Atlanta, GA, Kristopher E. Aungst, Alia Paige Mason, Berger Singerman PA, Miami, FL, for Debtor.

## ORDER SUSTAINING WITHOUT PREJUDICE THE PLAN TRUSTEE'S OBJECTION TO ADMINISTRATIVE EXPENSE CLAIM # 3355

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court on the Plan Trustee of the Taylor, Bean & Whitaker Plan Trust's (the "Plan Trust") objection to the request for allowance of an administrative expense claim, asserted by U.S. Bank National Association, as Successor Trustee for Bank of America, N.A., as Successor by Merger to LaSalle Bank National Association as Trustee for First Franklin Mortgage Loan Trust 2007–1, Mortgage Loan Asset–Backed Certificates, Series 2007–1 (the "Bank") (Doc. 5005; *see also* Claim # 3355). The Bank filed a Verified Motion for Summary Judgment in support of Claim # 3355 (Doc. 4916); to which, the Plan Trust filed a response in opposition (Doc. 5006). The Bank has not filed a response to the Plan Trust's objection to Claim # 3355.

For the reasons provided herein, the Plan Trust's objection to the allowance of the administrative expense claim, as set forth in Claim # 3355 (Doc. 5005), is sustained without prejudice to the Bank pursuing a quiet title action in the appropriate forum.

## I. BACKGROUND

On January 10, 2007, an individual named Harutyun Julfayan ("Julfayan") executed and delivered to First Franklin Financial Corporation a promissory note for the sum of $740,000.00 (the "Initial Note"). The Initial Note was secured by a deed of trust, also dated January 10, 2007, in favor of First Franklin Financial Corporation (the "Initial Deed of Trust"). The Initial Deed of Trust was recorded on January 22, 2007 in the Official Records of Los Angeles County, California, as Instrument

Number 20070124590 (Doc. 4916–1). The Initial Deed of Trust granted First Franklin Financial Corporation a security interest in certain real property, described therein as having an address of 41009 Knoll Drive, Palmdale, California, 93551 (hereinafter, the "Property").[1]

Approximately one year later, on or about January 11, 2008, an individual named Yosef Cohen ("Cohen") executed a document entitled "Substitution of Trustee and Full Reconveyance" (Doc. 4916–2). This document was recorded by Cohen on January 15, 2008 in the Official Records of Los Angeles County, California, as Instrument Number 20070124590 (*id.*). The Substitution of Trustee and Full Reconveyance purports to substitute Cohen for First Franklin Financial Corporation as the beneficiary of the Initial Deed of Trust (*id.*). This document additionally purports to grant title to the Property to Julfayan free and clear of any liens or encumbrances (*see id.*)[2] It appears, however, that Cohen had neither the apparent nor actual authority to execute the Substitution of Trustee and Full Reconveyance (*see* Doc. 4916 at 3–4; Doc. 5006 at 2–3).

Shortly after obtaining title to the Property pursuant to the falsified Substitution of Trustee and Full Reconveyance recorded by Cohen, *supra*, Julfayan conveyed the Property to an individual named Nadav Levi ("Levi") by way of a grant deed (Doc. 4916–3). This document was recorded on February 27, 2008 in the Official Records of Los Angeles County, California, as Instrument Number 20080335558 (*id.*). Also on February 27, 2008, a promissory note executed by Levi for the sum of $417,000.00 (the "Subsequent Note") was secured by a deed of trust in favor of T.J.

Financial, Inc. (the "Subsequent Deed of Trust"), recorded in the Official Records of Los Angeles County, California, as Instrument Number 20080335559 (Doc. 4916–4).

At some point, both Julfayan (the obligor under the Initial Note) and Levi (the obligor under the Subsequent Note) defaulted on their respective notes. Due to Julfayan's default, First Franklin Financial Corporation (the holder of the Initial Note and Initial Deed of Trust) recorded a document entitled "Notice of Default and Election to Sell [the Property] Under Deed of Trust" (Doc. 4916–5). This document was recorded on March 4, 2008 in the Official Records of the County of Los Angeles, California, as Instrument No. 20080372836 (*id.*).

Approximately six months later, due to Levi's default, T.J. Financial, Inc. (the holder of the Subsequent Note and Subsequent Deed of Trust) recorded a document entitled "Notice of Default and Election to Sell [the Property] Under Deed of Trust" (Doc. 4916–7). This document was recorded on September 22, 2008 in the Official Records of Los Angeles County, California, as Instrument No. 20081699965 (*id.*).

Subsequently, First Franklin Financial Corporation (the holder of the Initial Note and Initial Deed of Trust) conducted a non-judicial foreclosure sale, whereupon Bank of America, N.A. purchased the Property for $399,000.00 (Doc. 4916–6). Pursuant to this sale, Bank of America, N.A. acquired title to the Property by way of a document entitled "Trustee's Deed Upon Sale" (hereinafter, the "Initial Trustee's Deed Upon Sale"), recorded on April 16, 2009 in the Official Records of Los

---

1. The Bank is the successor-in-interest to the Initial Note and Initial Deed of Trust.

2. The parties dispute whether under California law the Substitution of Trustee and Full Reconveyance is void *ab initio*, or merely voidable, due to the actions of Cohen.

Angeles County, California, as Instrument Number 20090548630 (Doc. 4916–6).[3]

Shortly thereafter, T.J. Financial, Inc. (the holder of the Subsequent Note and Subsequent Deed of Trust) also conducted a non-judicial foreclosure sale, whereupon Federal Home Loan Mortgage Corporation ("Freddie Mac") purchased the Property for $362,945.00 (Doc. 4916–8). Freddie Mac acquired its interest in the Property pursuant to a document entitled "Trustee's Deed Upon Sale" (hereinafter, the "Subsequent Trustee's Deed Upon Sale"), recorded on April 27, 2009 in the Official Records of Los Angeles County, California, as Instrument Number 20090608373 (Doc. 4916–8).[4]

Ostensibly, in response to the Subsequent Trustee's Deed Upon Sale, which conveyed the Property to Freddie Mac, Bank of America, N.A. recorded a "Notice of Pendency of Action [*Lis Pendens*]," which provided that an action to quiet title with respect to the Property had been filed in the Superior Court of the State of California, County of Los Angeles (Doc. 4916–9). This document was recorded on May 11, 2009 in the Official Records of Los Angeles County, California, as Instrument No. 20090691202 (*id.*). The Proof of Service attached to the "Notice of Pendency of Action [*Lis Pendens*]" (hereinafter, the "*Lis Pendens*") states that Freddie Mac was served a copy of the notice *via* certified mail, return receipt requested (Doc. 4916–9 at 10).

On August 24, 2009, the Debtor Taylor, Bean & Whitaker Mortgage Corporation (hereinafter, "TBW"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition"), thereby commencing the instant case. Approximately one month after filing the Petition, TBW moved the Court, pursuant to 11 U.S.C. § 363, for an order permitting a bulk sale, at auction, of a number of its real estate owned properties ("REO Properties") (Doc. 495).[5] On November 13, 2009, a title report was issued by Loss Mitigation Title Services to Ranieri Partners Management, LLC (Doc. 4916–11).[6] On December 11, 2009, Selene RMOF REO Acquisition II, LLC ("Selene") purchased the REO Properties, which included the subject Property (*see* Doc. 802, Order Approving Sale). Selene acquired its ownership interest in the Property by way of a grant deed, recorded on May 17, 2010 in the Official Records of Los Angeles County, California, as Instrument Number 20100666305 (Doc. 4916–15). The purchase price paid by Selene for the Property was $272,182.05 (Doc. 4916 at 14).

---

**3.** The Bank is the successor-in-interest to the Initial Trustee's Deed Upon Sale.

**4.** The Debtor, Taylor, Bean & Whitaker Mortgage Corporation, was a successor-in-interest to the Subsequent Trustee's Deed Upon Sale.

**5.** The proposed bulk sale related to approximately 1046 foreclosed real property assets of TBW, which included the subject Property. The Bank maintains it was not served a copy of the bulk sale motion (*see* Doc. 4916 at 7). The Court would note, however, that both Bank of America, N.A. and U.S. Bank National Association filed appearances in this case within weeks of the Petition being filed (*see,*

*e.g.,* Docs. 90, 174, 208). Prior to the fling of the Petition, however, on or about April 9, 2009, U.S. Bank National Association became the successor-in-interest to Bank of America, N.A. with respect to the Property (Doc. 4916–16). Both entities were actively involved in the case and had notice of all documents filed in the case. It appears, however, that U.S. Bank National Association simply did not realize it had an interest in the Property until recently (*see* Doc. 4916 at 1, n. 1).

**6.** The Bank asserts that TBW was provided a copy of this title report, which reveals the *Lis Pendens* (Doc. 4916 at 8; *see also* Doc. 4916–11 at 3).

On November 23, 2010, Bank of America, N.A. amended the quiet title action, pending in the Superior Court of the State of California, to include Selene as a defendant (Doc. 4916–10). Approximately one month later, on December 16, 2010, Bank of America, N.A. filed a motion for relief from the Court's Order Approving Sale (Doc. 802) or, in the alternative, application for administrative expense claim (Doc. 2295, Motion). On January 19, 2011, the Court held a hearing on the Motion. The parties appeared at the hearing and informed the Court that it was agreed between the parties that Bank of America, N.A. would: (1) withdraw the Motion to the extent it sought relief from the Court's Order Approving Sale; (2) dismiss the quiet title action pending in the Superior Court of the State of California; and (3) reserve its right to file an administrative expense claim.

On April 1, 2011, the Court entered an order, *inter alia*, memorializing the parties' stipulation(s) with respect to the Motion, *supra* (Doc. 2887, Order). That same day, Bank of America, N.A. filed a copy of the Court's April 1, 2011 Order as its claim for administrative expense pursuant to 11 U.S.C. § 503(b) (Claim # 3355). Shortly thereafter, on April 18, 2011, Bank of America, N.A. filed a motion in the Superior Court of the State of California to dismiss the quiet title action pending against Selene, *et al.* The Superior Court of the State of California granted this motion on April 26, 2011.[7]

## II. ANALYSIS

In its Verified Motion for Summary Judgment, the Bank requests that it be permitted to recover, pursuant to 11 U.S.C. § 503(b), an administrative expense claim in an amount the greater of: (1) the market value of the Property; (2) the amount for which the Property could have been sold by the Bank; or (3) the net proceeds TBW received from the sale of the Property (Doc. 4916 at 14–15). The Bank claims it is entitled to such relief because TBW "would be unjustly enriched if it were allowed to keep the $272,182.05 in net proceeds from the sale of the Property" (Doc. 4916 at 14). In its Objection to Claim # 3355 (Doc. 5005), and in its Response in Opposition to the Bank's Verified Motion for Summary Judgment (Doc. 5006), the Plan Trust argues, *inter alia*, that even if the Bank's claim of holding superior title to the Property were correct (a proposition which it disputes), the appropriate relief would be recovery of the Property from whomever currently purports to hold title to it, rather than an administrative expense claim against TBW or the Plan Trust (Doc. 5005 at 8; Doc. 5006 at 8–9).[8] For the reasons that follow, the Court finds the Plan Trust's argument in this regard to be persuasive.

■■■ At present, a cloud remains on the title to the Property. As such, the holder of superior title to the Property under California law has yet to be determined. If the Substitution of Trustee and Full Reconveyance were found to be void *ab initio*, rather than voidable, then the Bank would hold superior title to the Property than the current purported title holder. Under California law, a void deed passes no title, "and cannot be made the foundation of good title even under the equitable doctrine of *bona fide* purchase." *Erickson v. Bohne*, 130 Cal.App.2d 553, 556, 279 P.2d 619 (Cal.Ct.App. 3rd Dist.

---

7. The Court takes judicial notice of the Superior Court of the State of California's docket.

8. Upon TBW's information and belief, it is presently unknown who currently purports to hold title to the Property (Doc. 5005 at 8; Doc. 5006 at 8–9).

1955). In addition, under 11 U.S.C. § 363, a purchaser takes only such interest, if any, that the trustee is able to convey.

If the Bank were to be successful in a quiet title action, then the current purported title holder (or its title insurer, if any) may have a claim for indemnification, or unjust enrichment, against the Plan Trust. Nevertheless, the current purported title holder is at a minimum a necessary party-in-interest, if not the true party-in-interest.

■ A federal court must ensure that the justiciability requirements of Article III, including adversity of interest, are satisfied regardless of the type of relief sought. *See Armstrong World Indus., Inc. v. Adams,* 961 F.2d 405, 410 (3rd Cir.1992). If a plaintiff's claim is contingent on mere possibilities, then the adversity of interest requirement is typically lacking. *See id.* at 411–12. In addition, in *In re Hillsborough Holdings Corp.,* the court stated "there must be an actual, concrete benefit to the estate before a claim is allowable as an administrative expense claim." 207 B.R. 299, 306 (Bankr. M.D.Fla.1997). With respect to § 503(b) administrative expense claims of unjust enrichment, the court stated:

> the purpose of according priority in these cases [claims of unjust enrichment] is fulfillment of the equitable principle of preventing unjust enrichment of the debtor's estate, rather than the compensation of the creditor for the loss to [it].

*Id.* (internal quotations and citations omitted).

■ In this instance, the Court finds Claim # 3355 is not presently justiciable. First, the Bank's claim is based on contingencies such as whether the Bank indeed holds superior title to the Property than the current purported title holder, and whether (and to what extent) the Bank is able to recover from the current title holder. Secondly, the current title holder is not before the Court; thus, the Court is unable to fashion complete relief. Further, since it is not clear to what extent TBW has been unjustly enriched, if at all, it follows the Bank has not asserted a sufficient basis for being granted an administrative expense claim pursuant to 11 U.S.C. § 503(b).[9] Accordingly, the Plan Trust's objection to Claim # 3355 will be sustained without prejudice.

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED:**

1. The Plan Trust's objection to the allowance of the administrative expense claim, set forth in Claim # 3355 (Doc. 5005), is sustained without prejudice to the Bank pursuing a quiet title action against the current purported title holder in the appropriate forum.

2. The Bank's Verified Motion for Summary Judgment in Support of Claim # 3355 (Doc. 4916) is denied.

3. The Plan Trust shall continue to reserve the $272,182.05 in net REO sale proceeds allocable to the Property until further Order by the Court on motion by either party.

**9.** Presumably, TBW exchanged a certain amount of value for its interest in the Property.