Filed 1/22/25  P. v. Martinez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JORGE MARTINEZ,<br><br>    Defendant and Appellant. | G062824<br><br>(Super. Ct. No. 00CF1158)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Lance P. Jensen, Judge. Affirmed.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel, Felicity A. Senoski and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Defendant Jorge Martinez appeals from a postjudgment order denying his petition for resentencing made pursuant to Penal Code former section 1170.95 (now Pen. Code, § 1172.6).[1] He contends he is eligible for relief under section 1172.6 because ambiguities in the jury instructions given at his trial in 2002 allowed the jury to convict him of second degree murder under a theory by which malice could be imputed to him based solely on his participation in the crime. The trial court denied the petition at the prima facie stage.

We affirm. Section 1172.6 affords relief only if "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (a)(3).) Defendant is in effect contending his 2002 conviction was *invalid* at that time due to erroneous or ambiguous jury instructions that could have led the jury to impute malice. Whether Defendant now could be convicted of second degree murder is unaffected by the changes to sections 188 and 189 that became effective January 1, 2019. He therefore failed as a matter of law to show eligibility for relief under section 1172.6.

BACKGROUND

In *People v. Martinez* (Mar. 22, 2004, G031253) [nonpub. opn.] a panel of this court affirmed Defendant's conviction for second degree murder. This prior appellate opinion is deemed part of the record of conviction and may be considered at the prima facie stage provided the trial court does not engage in fact finding based on that opinion. (*People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).) The trial court here considered the prior opinion only for procedural purposes and disregarded its statement of facts.

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) All further statutory references are to the Penal Code.

2

The following statement of facts is taken from the prior opinion and is recited only to provide context and background:

"Martinez . . . and Sanchez . . . were members of the Lopers gang of Santa Ana. Accompanied by Antonio Leal . . . they drove into territory claimed by a rival gang, Delhi. Leal drove, while Martinez positioned himself in the front passenger seat, and Sanchez sat in the back. A resident of the area noticed Leal's car driving slowly down a street. Further down that block, a group of Delhi members were gathered in front of a home belonging to a Delhi member and well-known as a Delhi hang-out. As Leal's car reached the group, it slowed further and shots were fired from the car; but neither sparks nor sounds were reported coming from the Delhi members or the house behind them. [¶] Although no one in the group was hit, 67-year-old Adela Rios, who was standing at the door of the house, died of a gunshot wound to the head. Based on shell casings and bullets found in the area, two weapons were used: A Colt .45 and a Smith and Wesson. The latter was the weapon that fired the fatal bullet. [¶] In fleeing the scene, Leal lost control of his car and crashed into a building. Sanchez and Martinez attempted to flee on foot but were both tracked down by police dogs and arrested nearby, hiding among some industrial pipe equipment. In the car, a Colt .45 was located on the dashboard, and the Smith and Wesson was found on the rear floorboard where Sanchez had previously been sitting. An examination of the murder scene revealed no other weapons were fired and all shots were fired in front of the house." (*People v. Martinez, supra*, G031253.)

PROCEDURAL HISTORY

I.

TRIAL AND CONVICTION

Defendant and a codefendant were charged by consolidated information with one count (count 1) of murder (Pen. Code. § 187, subd. (a)), one count (count 2) of conspiracy to commit murder (§§ 182, subd. (a), 187, subd. (a)), two counts (counts 3 and 4) of attempted murder (§§ 187, subd. (a), 664), one count (count 5) of shooting at an inhabited dwelling (§ 246), one count (count 6) of street gang terrorism (§ 186.22, subd. (a)), and one count (count 7) of discharging a firearm from a motor vehicle (§ 12034, subd. (c).)

Count 1 included special circumstance allegations that the murder was perpetrated by means of discharging a firearm from a motor vehicle and that the murder was committed while Defendant was an active participant in a criminal street gang. (§ 190.2, subd. (a)(21) & (22).) As to counts 3 and 4, the information alleged the attempted murders were committed willfully, deliberately, and with premeditation. The information alleged that all offenses except for count 6 were committed for the benefit of a street gang (§ 186.22, subd. (b)(1)), Defendant vicariously discharged a firearm causing death (§ 12022.53, subds. (d), (e)(1)), and Defendant personally discharged a firearm during the commission of the offenses (§ 12022.53, subd. (c)).

The jury convicted Defendant of second degree murder as charged in count 1 but found not to be true the special circumstance allegations under section 190.2 subdivisions (a)(21) and (22) and the vicarious discharge of a firearm causing death enhancement allegation under section 12022.53 subdivisions (d) and (e)(1). The jury found to be true the personal discharge of a firearm enhancement allegation under section 12022.53 subdivision (c) and

4

the criminal street gang enhancement allegation under section 186.22, subdivision (b)(1).

The jury found Defendant not guilty of conspiracy to commit murder as charged in count 2 and found not to be true the special circumstance allegations attendant to that count. The jury found Defendant guilty of shooting at an inhabited dwelling as charged in count 5, found not to be true the vicarious discharge of a firearm enhancement allegation, and found to be true personal discharge of a firearm enhancement allegation and the criminal street gang enhancement allegation. The jury found Defendant not guilty of street gang terrorism as alleged in count 6. The jury found Defendant guilty of shooting from a motor vehicle as charged in count 7, found to be true the criminal street gang enhancement allegation and the personal discharge of a firearm enhancement allegation, and found not to be true the vicarious discharge of a firearm causing death enhancement allegation.

The trial court sentenced Defendant to a term of 15 years-to-life for second degree murder plus 20 years for the personal discharge of a firearm enhancement allegation. The court stayed the sentences on the remaining counts. As noted, a panel of this court affirmed the judgment of conviction on direct appeal in *People v. Martinez, supra*, G031253.

II.

SECTION 1172.6 PETITION

In November 2022, Defendant filed his petition for resentencing. With the petition, the Defendant submitted a copy of the abstract of judgment.

The People filed a response to the petition and submitted the register of actions, the information, the verdict forms, our unpublished opinion in *People v. Martinez, supra*, G031253, and the jury instructions. Defendant

5

was appointed counsel, and counsel submitted a brief in support of the petition for resentencing.

The trial court conducted a hearing following which it denied Defendant's petition on the ground Defendant had not made a prima facie case for relief. The court found: "The jury did not receive a natural and probable consequences instruction. In acquitting petitioner of first-degree murder, the jury necessarily rejected theories that [Defendant] acted with premeditation or specifically intended to kill when he personally discharged a firearm from a motor vehicle. Similarly, the jury necessarily rejected the theory that [Defendant] committed felony murder in pursuance of a conspiracy, because such a theory would have resulted in a guilty verdict for first-degree murder."

## DISCUSSION

## I.

### PROCEDURE UNDER SECTION 1172.6

Section 1172.6 lays out a procedure by which convicted murderers who could not be convicted under the law as amended can retroactively seek relief. (*Lewis, supra*, 11 Cal.5th at p. 957.) To obtain relief under section 1172.6, a petitioner must file a petition alleging these three conditions have been met: (1) the petitioner was convicted based on a pleading "that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" (§ 1172.6, subd. (a)(1)); (2) the petitioner was convicted of murder or attempted murder (*id.*, subd. (a)(2)); and (3) "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019" (*id.*, subd. (a)(3)).

If the petition satisfies certain technical requirements, then the trial court appoints counsel if the petitioner has requested counsel. (§ 1176.2, subd. (b)(3).) Next, "the prosecutor shall file and serve a response," and "[t]he petitioner may file and serve a reply within 30 days after the prosecutor's response is served." (*Id.*, subd. (c).) Once briefing is completed, the trial court determines whether the petitioner has made a prima facie case for relief. (*Ibid.*)

In determining whether the petitioner has made a prima facie case for relief under section 1172.6, the trial court's inquiry is limited to making a preliminary assessment whether the petitioner would be entitled to relief if those allegations were proven. (*Lewis, supra*, 11 Cal.5th at p. 971.) If counsel is appointed and the parties are given the opportunity for briefing, the trial court may rely on the record of conviction to determine whether the petitioner has made a prima facie case for relief. (*Id.* at p. 957.) The record of conviction may include the charging document (*People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865), the appellate opinion, trial evidence, jury instructions, closing arguments of counsel (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13), and the verdict forms (*People v. Ervin* (2021) 72 Cal.App.5th 90, 106). "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

A denial of a petition under section 1172.6 at the prima facie stage is appropriate only if the record of conviction demonstrates that "'the petitioner is ineligible for relief as a matter of law.'" (*People v. Saavedra* (2023) 96 Cal.App.5th 444, 447.) We review that legal conclusion de novo. (*Ibid.*)

7

## II.

### THE RECORD OF CONVICTION ESTABLISHES AS A MATTER OF LAW THAT DEFENDANT IS NOT ELIGIBLE FOR RELIEF UNDER SECTION 1172.6

Relief under section 1172.6 is restricted to those convicted of murder or attempted murder based on felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime. (§ 1172.6, subd. (a)(1).)

As the trial court found, the jury was not instructed on the natural and probable consequences theory of aider and abettor liability. The lack of an instruction conclusively establishes that Defendant was not convicted based on the natural and probable consequences theory. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 236.) The conviction for second degree murder, rather than first degree murder, conclusively establishes the jury did not convict Defendant under the felony murder doctrine and found Defendant did not act with premeditation, deliberation, or specific intent to kill when he personally discharged a firearm from a motor vehicle. (See Pen. Code, § 189, subd. (a) [felony murder and deliberate and premeditated killing are murder of the first degree].) The not true findings on the special circumstance allegation that Defendant discharged a firearm from a motor vehicle with the intent to inflict death (§ 190.2, subd. (a)(21)) and on the enhancement allegation that Defendant discharged a firearm causing death (§ 12022.53, subds. (d), (e)(1)) establish the jury found Defendant was not the actual shooter who killed the victim.

That leaves "other theory under which malice is imputed to a person" as the possible ground for relief under section 1172.6. Defendant contends he was convicted on such a theory because the jury was instructed with CALJIC Nos. 3.01 (aiding and abetting) and 8.31 (implied malice murder). Defendant argues

8

those instructions, when read together, were erroneous or created an ambiguity that could have led the jury to convict him of murder by improperly imputing malice to him based solely on his participation in the crime.

The jury was instructed with CALJIC No. 8.31 as follows: "Murder of the second degree is [also] the unlawful killing of a human being when: [¶] 1. The killing resulted from an intentional act, [¶] 2. The natural consequences of the act are dangerous to human life, and [¶] 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life. [¶] When the killing is the direct result of such an act, it is not necessary to prove that the defendant intended that the act would result in the death of a human being."

The jury was instructed with the then-current general aiding and abetting instruction, CALJIC No. 3.01, in relevant part, as follows: "A person aids and abets the [commission] of a crime when he: [¶] 1. With knowledge of the unlawful purpose of the perpetrator, and [¶] 2. With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [¶] 3. By act or advice aids, promotes, encourages or instigates the commission of the crime."

According to Defendant, giving CALJIC Nos. 3.01 and 8.31 permitted the jury to convict him of aiding and abetting second degree implied malice murder without the requisite mental state of conscious disregard for human life. That is so, Defendant argues, because the aiding and abetting instruction states the aider and abettor must have acted "[w]ith knowledge of the unlawful purpose of the perpetrator" while the second degree murder instruction states the perpetrator must have acted "with knowledge of the danger to, and with conscious disregard for, human life." Defendant argues that based on CALJIC Nos. 3.01 and 8.31, the jury might have found him guilty as an

9

aider and abettor of second degree murder by encouraging the perpetrator's reckless shooting "whether or not [Defendant] intended to aid[] or encourage Adela Rios'[s] killing, and whether or not he personally knew of and disregarded the risk of such a killing."

For purposes of analysis, we accept Defendant's construction of CALJIC Nos. 3.01 and 8.31. "[T]he standard aiding-and-abetting instructions are ill suited to the crime of second degree murder. If, as here, a trial court uses such an instruction without tailoring it to the specifics of that crime, the instruction creates an ambiguity under which the jury may find the defendant guilty of aiding and abetting second degree murder without finding that he personally acted with malice." (*People v. Langi* (2022) 73 Cal.App.5th 972, 982 (*Langi*); see *People v. Powell* (2021) 63 Cal.App.5th 689, 714 (*Powell*) [recognizing the standard aiding and abetting instructions need to be tailored for implied malice murder].)

But the claimed ambiguity created by instructing with both CALJIC Nos. 3.01 and 8.31, and any potential error in using them without modification, existed when Defendant was tried in 2002. In *People v. McCoy* (2001) 25 Cal.4th 1111, the California Supreme Court clarified that "outside of the natural and probable consequences doctrine, an aider and abettor's mental state *must be at least that required of the direct perpetrator*." (*Id.* at p. 1118, italics added.) "What this means here, when the charged offense and the intended offense—murder or attempted murder—are the same, i.e., when guilt does not depend on the natural and probable consequences doctrine, is that the aider and abettor must know and share the murderous intent of the actual perpetrator." (*Ibid.*) In *McCoy*, the Supreme Court made clear that the direct perpetrator's mental state could not be imputed to an aider and abettor, whose liability is premised "on the aider and abettor's own mens rea." (*Id.* at p. 1120.)

10

After *McCoy*, the mental state harbored by the direct aider and abettor of an implied malice murder must be "knowledge that the perpetrator intended to commit *the act*, intent to aid the perpetrator in the commission of *the act*, knowledge that *the act* is dangerous to human life, and acting in conscious disregard for human life." (*Powell, supra*, 63 Cal.App.5th at p. 713, footnote omitted [reciting law in effect in 2013].)[2]

Defendant's argument that CALJIC Nos. 3.01 and 8.31 permitted the jury to impute malice to him amounts to a claim that his conviction for second degree murder was erroneous at the time the jury rendered its verdict. But to obtain relief under section 1172.6, a petitioner must allege "[t]he petitioner could not presently be convicted of murder or attempted murder *because of* changes to Sections 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3), italics added.) "Accordingly, a court may deny the petition at the prima facie stage if the record of conviction conclusively establishes that the petitioner was convicted on a theory not affected by [those changes]." (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 931 (*Berry-Vierwinden*).)

Whether Defendant now could be convicted for aiding and abetting an implied malice murder is unaffected by changes made to sections 188 and 189 made effective January 1, 2019. Those changes "d[id] not eliminate direct aiding and abetting liability for murder" (*People v. Gentile* (2020) 10 Cal.5th 830, 848), and direct aiding and abetting an implied malice murder has remained a valid

___

[2] Defendant relies on *Powell* as establishing that instructing with CALJIC Nos. 3.01 and 8.31 without modification for implied malice murder might lead to an invalid conviction based on imputed malice. *Powell* was a direct appeal from a judgment of conviction, not an appeal from an order denying a section 1172.6 resentencing petition. (*Powell, supra*, 63 Cal.App.5th at p. 692.) Accordingly, while *Powell* might show instructional error at the time of trial, it does not support granting Defendant relief under section 1172.6.

11

theory after the changes to sections 188 and 189 (*People v. Reyes* (2023) 14 Cal.5th 981, 990). Error in instructing the jury with CALJIC Nos. 3.01 and 8.31 likewise is unaffected by the changes to section 188 and 189 because imputed malice for aiding and abetting an implied malice murder was an invalid theory when Defendant was tried and convicted. (See *People v. McCoy, supra*, 25 Cal.4th at pp. 1118, 1120; *People v Vizcarra* (2022) 84 Cal.App.4th 377, 391.)

Based on section 1172.6, subdivision (a)(3), several Court of Appeal opinions hold that section 1172.6 does not afford relief for error that was present when the defendant was convicted and which could have been raised on direct appeal. (*Berry-Vierwinden, supra*, 97 Cal.App.5th 921; *People v. Flores* (2023) 96 Cal.App.5th 1164 (*Flores*); *People v. Burns* (2023) 95 Cal.App.5th 862 (*Burns*).) In *Berry-Vierwinden*, *Flores*, and *Burns*, the defendants contended the jury instructions could have misled the jury to convict them based on a theory of imputed malice that was invalid at the time of trial. (*Berry-Vierwinden, supra*, 97 Cal.App.5th at p. 932; *Flores, supra*, 96 Cal.App.5th at pp. 1172-1173; *Burns, supra*, 95 Cal.App.5th at p. 867.) Relief was not available under section 1172.6, those opinions reason, because the claimed error existed before, and had nothing to do with, the changes to sections 188 and 189 effective January 1, 2019. (*Berry-Vierwinden* at p. 935; *Flores* at p. 1173; *Burns* at p. 865.)

The court in *Burns* explained: "As numerous courts have recognized, the petition process created by former section 1170.95 (now § 1172.6) was designed to permit the resentencing of defendants who were properly convicted under the law that applied at the time, but 'could no longer be convicted of murder' because of recent legislative changes. [Citations.] A petition thus supplements a defendant's traditional direct appeal by providing an opportunity to make arguments that did not exist at the time of the appeal,

12

but have arisen since 2019 as a result of recent statutory amendments. The problem [the defendant] raises in his petition, however, has nothing to do with the legislative changes to California's murder law effected by Senate Bill No. 1437 . . . and Senate Bill No. 775. Accordingly, he did not satisfy the section 1172.6, subdivision (a)(3) condition as part of his required prima facie showing. [Citation.] [¶] . . . . His remedy for any alleged instructional error that affected the verdict was his appeal from the judgment of conviction. His failure to raise the argument on direct appeal forfeited that claim [citation], and the subsequent petition process created by the Legislature when it enacted Senate Bill No. 1437 did nothing to change the applicable law so as to resurrect an argument he had already abandoned." (*Burns, supra*, 95 Cal.App.5th at pp. 867-868, footnotes omitted.)

Two opinions—*Langi, supra*, 73 Cal.App.5th 972 and *People v. Maldonado* (2023) 87 Cal.App.5th 1257 (*Maldonado*)—appear to go the opposite way. The defendant in *Langi* was convicted of second degree murder. (*Langi, supra*, at p. 977.) The Court of Appeal reversed an order denying the defendant's resentencing petition at the prima facie stage because instructing the jury with CALJIC Nos. 3.01 and 8.31 could have led the jury to impute malice to the defendant by not clarifying that an accomplice must personally harbor the mental state of implied malice. (*Langi* at p. 983-984.) In *Maldonado*, the defendant was convicted of first degree murder by means of lying in wait. The Court of Appeal reversed an order denying the defendant's petition for resentencing at the prima facie stage. (*Maldonado, supra*, 87 Cal.App.5th at pp. 1260.) The court concluded that the jury instructions given at trial on aiding and abetting, implied malice, and lying-in-wait murder, were ambiguous and permitted a murder conviction based on theory of imputed malice. (*Maldonado, supra*, 87 Cal.App.5th at pp. 1264–1267.)

13

In neither *Langi* nor *Maldonado*, however, did the appellate court consider the language in section 1172.6, subdivision (a)(3) requiring defendants to show they could no longer be convicted of murder "because of changes to Sections 188 or 189 made effective January 1, 2019." (See *Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 934; *Burns, supra*, 95 Cal.App.5th at p. 867, fn. 7; *Flores, supra*, 96 Cal.App.5th at p. 1171.) "'It is a well-established rule that an opinion is only authority for those issues actually considered or decided.'" (*Rosen v. State Farm General Ins. Co.* (2003) 30 Cal.4th 1070, 1076.)

In any event, we agree with *Berry-Vierwinden*, *Flores*, and *Burns*. Section 1172.6, subdivision (a)(3) by its plain terms requires a causal connection between the legislative changes to sections 188 and 189 and the inability now for the petitioner to be convicted of murder or attempted murder. Nothing in the language or purpose of section 1172.6 suggests it creates a right to a second appeal to assert error present at the time of conviction. (*Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 936; *Flores*, *supra*, 96 Cal.App.5th at p. 1173; *Burns, supra*, 95 Cal.App.5th at p. 865; see *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [§ 1172.6 "does not afford the petitioner a new opportunity to raise claims of trial error"].)

By arguing that CALJIC Nos. 3.01 and 8.31 permitted the jury to convict him of second degree murder by imputing malice to him, Defendant is asserting he was convicted on a theory that was invalid, and based on instructions that were ambiguous or erroneous, at the time of his 2002 trial and direct appeal. "This amounts to 'a routine claim of instructional error' that 'could have been asserted on appeal from the judgment of conviction.' [Citation.] 'Section 1172.6 does not create a right to a second appeal, and [Defendant] cannot use it to resurrect a claim that should have been raised in his [direct] appeal.'" (*Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 936.)

14

## DISPOSITION

The postjudgment order denying Defendant's petition for resentencing is affirmed.

SANCHEZ, ACTING P. J.

I CONCUR:

GOODING, J.

15

MOTOIKE, J., Dissenting.

I respectfully dissent from the majority opinion's affirmance of the trial court's postjudgment order denying Martinez's resentencing petition at the prima facie stage.

The majority opinion accepts Martinez's argument the jury instructions given at his trial in 2002, specifically CALJIC Nos. 3.01 and 8.31, permitted the jury to convict him under a theory in which malice was imputed to him. (Maj. opn. *ante*, at p. 10; see *People v. Langi* (2022) 73 Cal.App.5th 972, 982; *People v. Powell* (2021) 63 Cal.App.5th 689, 714.) But the majority opinion concludes Martinez is not entitled to an evidentiary hearing under section Penal Code section 1172.6[1] because the instructions given the jury were erroneous at the time of Martinez's trial. (Maj. opn. *ante*, at p. 11.) The majority opinion views this as instructional error that could have been raised in Martinez's direct appeal which "'has nothing to do with the legislative changes to California's murder law effected by Senate Bill No. 1437 . . . and Senate Bill No. 775.'" (*Id.* at pp. 12–13, quoting *People v. Burns* (2023) 95 Cal.App.5th 862, 867.)[2] I respectfully disagree. To me, the record of conviction does not establish as a matter of law Martinez is ineligible for relief.

_____

[1] All undesignated statutory references are to the Penal Code.

[2] Recently, the California Supreme Court granted review in *People v. Lopez* (Oct. 4, 2024, F085300) [nonpub. opn.], review granted Jan. 15, 2025, S287814 to consider whether petitioners who could have raised their challenges to imputed malice instructions on direct appeal are ineligible for resentencing relief under section 1172.6 because subdivision (a)(3) requires defendants to allege they "could not presently be convicted of murder or attempted murder because of changes to section 188 or 189 made effective January 1, 2019."

1

The California Supreme Court has indicated the prima facie inquiry under section 1172.6 is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) At this prima facie stage, "'"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."'" (*Ibid.*) The "'prima facie bar was intentionally . . . set very low.'" (*Id.* at p. 972.) Our analysis is confined to whether the "the record of conviction conclusively establishes that the petitioner is ineligible for relief as a matter of law." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.)

Here, the record indicates the jury could have convicted Martinez under a theory of imputed malice, based on the instructions provided (CALJIC Nos. 3.01 and 8.31). The majority opinion agrees the ambiguity in the jury instructions indicate a "theory under which malice [was] imputed to a person." (Maj. opn. *ante*, p. 8.) Unlike the majority, I do not believe we can separate the issue of the erroneous instructions from the issue of whether the petitioner has cleared the low prima facie bar. Senate Bill No. 1437 modified section 188 by adding the provision: "Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2.) Since the changes to section 188 eliminated the imputation of malice for murder and the record of conviction suggests Martinez's conviction relied on

2

such a theory, Martinez satisfied the "very low" prima facie showing under section 1172.6. (*People v. Lewis, supra*, 11 Cal.5th at p. 972.)[3]

I agree with the majority opinion that "direct aiding and abetting an implied malice murder [remains] a valid theory after changes to sections 188 and 189." (Maj. opn. *ante* p. 11.) But such a theory in which the jury is permitted to impute malice to a defendant based solely on his participation in a crime is not. (§ 188.) Had Martinez's jury received instructions that did not permit it to impute malice for murder, then the record of conviction would conclusively establish Martinez is not entitled to relief. However, here, the jury instructions permitted the jury to impute malice to Martinez based solely on his participation in a crime, a theory that is now explicitly precluded under section 188. On this record, I cannot say Martinez is ineligible for relief under section 1172.6 as a matter of law.

I agree with the majority opinion that section 1172.6 does not create a right to a second appeal to assert error present at the time of conviction. (Maj. opn. *ante*, at p. 14.) The majority opinion views Martinez's

---

[3] Indeed, if the evaluation at the prima facie hearing required a showing, as the majority opinion seems to suggest—of "a causal connection between the legislative changes to sections 188 and 189 *and the inability now for the petitioner to be convicted of murder or attempted murder*"—the trial courts in some cases would be required to engage in factfinding in order to determine whether the petitioner could now be convicted of murder or attempted murder. (Maj. opn. *ante*, at p. 14, italics added.) To the extent, the cases cited by the majority opinion suggest this type of showing, I would also disagree. (See *People v. Lewis, supra*, 11 Cal.5th at p. 972 [a trial court should not engage in "'factfinding involving the weighing of evidence'" at the prima facie hearing].) The majority opinion could be read as conflating the showing required at the prima facie stage with that required for ultimate relief under section 1172.6.

section 1172.6 petition as an attempt to resurrect an issue that should have been raised on direct appeal following his conviction. (*Ibid.*) I disagree with that view. Martinez is a person convicted of murder and the record shows the jury could have convicted him under a theory in which malice was imputed to him based solely on his participation in a crime. (See § 1172.6, subd. (a) ["A person convicted of . . . murder under . . . [a] theory under which malice is imputed to a person based solely on that person's participation in a crime" may file a petition and be granted relief].) Martinez made a prima facie showing, which was not conclusively refuted by the record of conviction. Accordingly, the matter should proceed to an evidentiary hearing at which the court can determine whether Martinez is guilty of murder under California law as amended by the changes to sections 188 and 189 made effective January 1, 2019. (§ 1172.6, subd. (d)(3).)


MOTOIKE, J.

4